In re the Estate of W. A. Clement, Jr., Deceased.

414 S.W.2d 644.

(*Nashville,* December Term, 1966.)

Opinion filed April 26, 1967.

Tyree B. Harris, of counsel, Hooker, Keeble, Dodson & Harris, for claimant.

LAN F. MACRAE, Dickson, for administratrix.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

On July 2, 1961, Mutual of Omaha issued a group insurance policy to the National Association of Retail Druggists.

W. A. Clement, Jr., deceased, a member of the Association, applied for and obtained a health and accident insurance certificate.

The certificate of insurance issued to the deceased contained the following clause: "If a member has received medical treatment or advice for a sickness within twelve months prior to the effective date of his certificate, and

if further treatment is required for such sickness within the first three months after the effective date of his certificate, the maximum benefit payable under any plan of insurance for such sickness shall be limited to $500.00.''

In February and April, 1963, Mr. Clement was hospitalized for ''hypertensive cardiovascular disease'' with a finding of arteriosclerotic stenosis of both iliac and common femoral arteries as well as both renal arteries. He filed a claim for this sickness and Mutual paid him benefits amounting to $2,733.61.

During May, 1963, Mr. Clement was hospitalized for the same ailment and filed a claim in the sum of $1,163.72, which Mutual paid.

In August, 1963, Mr. Clement was again hospitalized for the same condition and died shortly after he was discharged from the hospital. Thereafter, the Administratrix of his estate filed a claim with Mutual.

While this claim was pending, claimant learned for the first time that Mr. Clement had received medical treatment from Dr. James T. Allen of Dickson, Tennessee, for ''hypertensive cardiovascular disease, arteriosclerotic heart disease,'' within twelve months prior to the effective date of his insurance certificate. At the same time Mutual also learned for the first time that Dr. Allen had treated Mr. Clement on several occasions for the same condition within the first three months immediately following the effective date of his certificate of insurance.

Mutual denied the claim filed by the Administratrix of the estate of Mr. Clement. Mutual filed a claim against the estate of Mr. Clement in the amount of $3,397.33, representing the amount of benefits paid to Mr. Clement

less the $500.00 maximum provided in the above quoted provision of insurance issued to Mr. Clement.

The Administratrix of the estate of the deceased filed exceptions to the claim. The matter was heard by the County Judge on a stipulation of facts which we have hereinabove stated.

Mutual insisted the deceased had required medical attention for his condition within twelve months next preceding the effective date of his certificate of insurance and additional medical treatment for the same condition within three months after the effective date of the certificate; and, therefore, under the above quoted provision of the certificate he was only entitled to recover a maximum of $500.00 for this sickness or condition.

The Administratrix insisted that the $500.00 maximum benefit only applied to medical treatment received by deceased during the first three months following the effective date of his certificate but for any treatment he may have received after the three-month period would not be subject to the $500.00 maximum.

The trial judge found the provision was susceptible of either construction and therefore ambiguous.

He applied the rule that an ambiguous provision of a contract of insurance would be construed against the insurance company and in favor of the insured. He sustained the exception of the Administratrix and denied Mutual's claim.

Mutual has perfected an appeal to this Court and insists here that the provision is unambiguous and that the trial judge erred in finding it was ambiguous.

We think the assignment is good and should be sustained.

It is our opinion the provision plainly and concisely states in the event a certificate holder received medical treatment for a sickness within twelve months prior to the effective date of the certificate and received further treatment for the same sickness within three months immediately following the effective date of the certificate, then under such circumstances the certificate holder is limited to a maximum benefit of $500.00 for that particular sickness. The provision expressly states under such circumstances, ''the maximum benefit payable under any plan of insurance for such sickness shall be limited to $500.00.''

The maximum benefit of $500.00 applied to a sickness occurring within twelve months prior to the effective date of the certificate and re-occurring within three months immediately after the effective date whether the particular sickness requires treatment beyond the three months period or having occurred within that period and arrested and re-occurs thereafter.

Since the provision is plain and unambiguous, it must be applied as it reads. The courts cannot create an ambiguity where none exists. *Standard Life Ins. Co. v. Hughes,* 203 Tenn. 636, 315 S.W.2d 239 (1958) ; *Brown v. Tennessee Auto Ins. Co.,* 192 Tenn. 60, 237 S.W.2d 553 (1951).

Where there is no ambiguity it is the duty of the court to apply the words used in their ordinary meaning and neither party is to be favored in their construction. *Brown v. Tennessee Auto Ins. Co.,* supra.

It results the judgment of the trial judge is reversed. The claim of Mutual is sustained. The costs of the appeal are adjudged against the Administratrix.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.