### 61740. ROBERTSON v. LUMBERMEN'S MUTUAL CASUALTY COMPANY.
### 62000. WILKERSON v. LUMBERMEN'S MUTUAL CASUALTY COMPANY.

BIRDSONG, Judge.

Summary judgment. Amos and Diane Shipp were man and wife. They purchased a 1973 Lincoln Continental in October, 1979 and title was issued in the name of both. In January, 1980, Diane Shipp sued her husband for divorce. Apparently in contemplation of divorce, Amos had moved from the marriage domicile in mid-December, 1979 and so far as the record shows has lived separately from Diane Shipp since December, 1979. On February 7, 1980, Diane Shipp obtained an interlocutory decree awarding her exclusive possession and use of the marital premises and the Continental. She demanded return of a set of keys to the Continental from Amos but was unable to obtain the set of keys. Diane also applied for a new title to the Continental in her name only. She obtained such a title only after the events giving rise to this litigation. On February 15, Diane Shipp drove the Continental to a restaurant and parked and locked the car. While she was in the restaurant, Amos Shipp, without her knowledge or consent, unlocked the car and drove it away from the restaurant parking lot, leaving her without transportation. When she returned to the parking lot and discovered the car missing, she reported it stolen to the police. Amos Shipp drove the Continental while drunk and at a high rate of speed and collided with an AMC Gremlin owned by Holbrook, operated by Robertson and in which Wilkerson was a passenger. Holbrook brought suit against Amos Shipp for damages to her auto in the amount of $1,200.

Robertson sued Amos for personal injuries and punitive damages amounting to $150,000 and Wilkerson sued Amos for injuries and damages amounting to $300,000. Lumbermen's Mut. Cas. Co. was the insurer of the Continental with Diane Shipp listed as the only insured. The relevant portions of the insurance policy pertaining to coverage provides coverage for the named insured (Diane Shipp), for a "family member," or person using the covered auto with permission of the owner. The policy further defines "family member" as a spouse of the named insured if the spouse resides in the same household. There is an exclusion of coverage for any person using the vehicle who is without a reasonable belief that he is entitled to do so. Lumbermen's sought a declaratory judgment as to its duty to afford coverage and a defense to Amos Shipp, naming as defendants in the declaratory judgment action, Amos Shipp, Holbrook, Robertson, and Wilkerson. Amos Shipp did not answer the declaratory judgment action. The other defendants filed appropriate answers asserting that as a husband-spouse, not yet divorced, Amos Shipp was a legal resident of the marital domicile and thus covered under Diane's policy. Moreover, they asserted in their answer that because at the time of the accident Amos' name appeared on the title, he still had a key and in the absence of any verbalized denial of his lack of authority (by Amos personally) Amos was operating the car with a reasonable belief that he had a right to do so. Based upon affidavits, answers to interrogatories, and arguments of counsel, the trial court granted summary judgment to Lumbermen's. Robertson and Wilkerson have brought separate appeals to the grant of summary judgment. Because the facts and issues are identical and both appellants are represented by the same counsel, we have consolidated the appeals and will treat the case as one. In their appeals the appellants enumerate four alleged errors. *Held:*

1. In their first enumeration of error, each appellant asserts error in the trial court's conclusion that Amos Shipp was not "resident" in the marital domicile because he was still married to Diane Shipp at the time of the accident. We reject such an argument. Appellants advance the law of "domicile" which declares that "domicile" is a matter of intent, that Amos has expressed no "intent" as to change in his domicile and that it can be presumed he still "resides" with his wife. We have no argument with that principle of law for it most assuredly is correct, but it simply has no application to the question under consideration. The ordinary and accepted meaning of the phrase "one residing in the same household" in an insurance policy, pertains to one who physically maintains permanent or frequently utilized living accommodations in the principal insured's home. See Henderson v. Transcontinental Mut.

Ins. Co., 227 F2d 106 (5th Cir. 1955); *Southeastern Fidelity Ins. Co. v. McDonald,* 125 Ga. App. 394 (188 SE2d 162). In this case, Amos Shipp had moved out of the marital domicile prior to the institution of a divorce; those divorce proceedings were in progress; and, exclusive use and possession of the home had been granted by court order to Diane Shipp. Consistent with the court order had Amos Shipp attempted to resume residence on any basis in his wife's house, he would have been in violation of the court order and subject to contempt citation. Even the most strained of interpretations cannot place Amos Shipp as "living" in the insured's household. This contention lacks any colorable merit.

2. In their second enumeration of error, appellants contend that the court erred in finding that Amos Shipp had no reasonable belief that he was authorized to use the Continental on the night of the accident. This argument is premised on the facts that the title as initially issued contained the name of Amos Shipp as a co-owner and that he still had a set of keys to the car. Contrary to these dubious circumstances, the evidence is that Diane Shipp had made a demand for the surrender of the keys which had been retained by Amos, and a court order had been served upon Amos informing him that the Continental was awarded for the sole and exclusive possession and use of Diane. On the night of the accident, Diane parked and locked the vehicle. Amos took the Continental surreptitiously, abandoning Diane at the restaurant, following which she reported it stolen. There was a specific denial by Diane that she gave Amos any authority or permission to use the car. Even if we exclude from consideration (as being possible hearsay) an admission by Amos (a party to this suit) that he had no permission to take or operate the Continental on the night of the accident, our conclusion does not change that the evidence before the trial court was overwhelming that Amos Shipp could have had no reasonable belief that he had any permission express or implied to use the vehicle. We reject this contention as being wholly unreasonable and without merit.

3. Appellants next argue the trial court erred in concluding that Amos Shipp's failure to answer Lumbermen's pleadings seeking a declaratory judgment constituted admissions that are binding and preclude the other defendants from contesting those admissions. Appellants carry the doctrine of admissions too far. They do not dispute that as to Amos Shipp he has indeed admitted the allegations in Lumbermen's petition that he (Amos) was driving the Continental without the permission and without the knowledge of Diane Shipp. These admissions established the prima facie truth of those allegations and could be considered as facts (even if rebuttable) by the trial court. See *Taylor v. Buckhead Glass Co.,* 120 Ga. App. 663

(171 SE2d 779). They did not bind the other defendants but placed upon them the obligations of showing that the facts thus established prima facie were not true. In the absence of an evidentiary showing that the admissions were not true, the appellants have not met their burden of showing by facts or something other than mere allegations, opinions or conclusions that a material issue of facts remains as to Amos' right to use the vehicle as an "insured." (See *Strickland v. C & S Nat. Bank,* 137 Ga. App. 538, 540 (2) (224 SE2d 504.)) The only two predicates argued by appellants that would make Amos an "insured" is that he was "domiciled" in the insured's home and that Amos was not expressly shown to have no reasonable belief that he could operate the vehicle either as an owner or with the implied permission of Diane. We have rejected each of those arguments hereinbefore. The "facts" advanced by the appellants as supportive of their contentions that he was resident in the household or had a reasonable belief that he had permission to operate the car are nothing more than contentions or opinions, unsupported by "facts." Opposed to these "contentions" are the statements of Diane Shipp that she had not given permission to Amos to drive the car; that he took it without her permission; that Amos had moved out of the marital domicile prior to the time of the accident; and, that by order of court she was given exclusive use and possession of both the house and the Continental. In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontroverted evidence that no such fact exists. When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears and does not create a conflict in the evidence so as to require its submission to a jury. *Brewer v. Southeastern Fid. Ins. Co.,* 147 Ga. App. 562, 564 (249 SE2d 668). We find no merit in appellants' third enumeration of error.

4. In their last enumeration of error, appellants urge that the trial court erred in concluding that Amos Shipp was not a "covered" person under the Lumbermen's policy. Appellants advance the same arguments as before. That argument is premised upon the facts that there was no final divorce; therefore, the Shipps were still man and wife; that Amos was still a "legal resident" of the marital domicile; and therefore, Amos was a relative by marriage who was using the insured car with the permission, express or implied, of the owner and resided in the same household. For the same reasons as stated in the preceding divisions of this opinion, we reject this enumeration and find that it has no merit.

We find no error in the judgment of the trial court in granting summary judgment to Lumbermens' on its action for declaratory

56

judgment.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

Decided September 21, 1981 —
Rehearings denied October 15, 1981 in case no. 61740;
October 28, 1981 in case no. 62000 —

*Marjorie Rogers, John Talmadge, Barry S. Mittenthal,* for appellant (case no. 61740).

*John W. Guest,* for appellant (case no. 62000).

*Robert M. Darroch, W. Wray Eckl,* for appellee.