This case is affirmed under the ore tenus rule. See Tubbs v.Brandon, 374 So.2d 1358 (Ala. 1979).
On March 9, 1980, Jerome Campbell rode in an automobile driven by his fiance Sandra Warren to visit her relatives. Jerome was in considerable pain from a toothache. Sandra gave the keys to the car to Jerome with her permission to drive the car to a drug store, and then to his apartment. While he was driving the car Jerome collided with a vehicle occupied by Henry and Ethel Chaney.
The Chaneys filed suit against Jerome for negligence and wantonness, and against Mildred Warren (the owner of the car driven by Jerome) and Sandra, alleging negligent entrustment.
On September 21, 1981, (1) a consent judgment was entered in favor of Mildred Warren and Sandra Warren; (2) consent judgments were entered against Jerome *Page 1264 
Campbell in favor of Henry Chaney for $12,000.00, and in favor of Ethel Chaney for $500.00. The judgments were paid by Dairyland and General Accident. Each paid one-half of the judgments.
Following the consent judgments, Dairyland sued General Accident, seeking damages and a determination of whether Jerome Campbell was insured under an insurance policy issued by General Accident to Mildred Warren, the owner of the car driven by Jerome at the time of the accident.
The General Accident policy contained the following exclusion:
 "A. We do not provide liability coverage for any person. . .
 "8. Using a vehicle without a reasonable belief that that person is entitled to do so."
The evidence shows that Mildred Warren owned the car; that Sandra, her daughter, was the only person given permission by her to drive the car; that Jerome Campbell knew that only Sandra had permission to drive the car; that he knew that Mildred Warren did not want him to drive the car at any time; and that he knew Sandra did not have authority to permit him to drive the car.
The trial court found that Jerome Campbell was a person who came within the policy exclusion. After a review of the evidence, we hold that the trial judge was correct in her judgment.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.