519 A.2d 1005

## DONEGAL MUTUAL INSURANCE COMPANY

v.

Anthony E. EYLER, Jeffrey Eyler, State Automobile Mutual Insurance Company, Daniel F. Aughenbaugh, Bernice Eyler, Cindy Peguinot, Steven Spahr, Diane Aughenbaugh, Connie Aughenbaugh and Melvin Aughenbaugh.

Appeal of Daniel F. AUGHENBAUGH, Diane Aughenbaugh, Connie Aughenbaugh and Melvin Aughenbaugh.

Superior Court of Pennsylvania.

Argued Sept. 5, 1986.

Filed Jan. 9, 1987.

Bishop Nicklas Kauffman, York, for appellants.

Daniel H. Shertzer, Lancaster, for State Automobile, appellee.

Before CIRILLO, President Judge, and MONTEMURO and KELLY, JJ.

KELLY, Judge:

On March 25, 1984, an automobile accident occurred between a vehicle operated by Anthony Eyler and an auto operated by Daniel Aughenbaugh. The car operated by Anthony Eyler was owned by his brother, Jeffrey Eyler, and insured by State Automobile Mutual Insurance Company. At the time of the accident, Anthony Eyler resided with his mother, Bernice Eyler, who held an automobile liability insurance policy issued by Donegal Mutual Insurance Company. The other driver, Daniel Aughenbaugh, filed suit against Anthony Eyler for alleged injuries resulting from the accident.

On January 18, 1985, Donegal Mutual brought the declaratory judgment action which is the subject of the instant appeal; Donegal Mutual sought to determine which carrier, if either, had a duty to defend and/or indemnify Anthony Eyler against claims arising from the accident. The declaratory judgment complaint named as defendants State Automobile Mutual, Anthony Eyler, Jeffrey Eyler, Bernice Eyler, Daniel Aughenbaugh, and the family members who were passengers in the Aughenbaugh's vehicle (hereinafter referred to as "the Aughenbaughs"). On March 6, 1986, the court below granted the summary judgment motions of

both Donegal Mutual and State Automobile Mutual, finding that neither carrier owed coverage for claims resulting from the accident. The Aughenbaughs have appealed the order of March 6, 1986. For the reasons stated herein, we affirm.

## I. Standing to Appeal

■ Before reaching the merits of the issues raised on appeal, we must first determine whether the Aughenbaughs have standing to appeal the lower court's ruling regarding the extent of coverage to Anthony Eyler.[1]

One may not appeal from a decision which is not adverse to him, even though he is a party to the action in which the decision was rendered. *Prior v. Borough of Eddystone*, 30 Pa.Cmwlth. 536, 374 A.2d 981 (1977). Pennsylvania Rule of Appellate Procedure 501 limits the right of appeal to "any party who is aggrieved by an appealable order." The official note adds that "[w]hether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party...." "In determining whether the interest asserted renders a litigant 'aggrieved,' the court must ascertain whether the interest is 'substantial,' 'direct,' 'immediate,' and 'not a remote consequence' of the challenged action." *American Booksellers Assn., Inc. v. Rendell*, 332 Pa.Super. 537, 553, 481 A.2d 919, 927 (1984). Thus, "to justify judicial intervention, a party must allege a recognizable, adverse effect to himself and a close causal nexus between the injury and the challenged conduct." 332 Pa.Superior Ct. at 554, 481 A.2d at 927.

Research reveals not a single Pennsylvania case which has determined the exact issue now before us.[2] Courts

1. The fact that appellees have not challenged the Aughenbaugh's right to appeal is not dispositive of the question. The requirement that a prospective appellant be aggrieved by the order which he is attempting to appeal is not one which can be waived by the action or inaction of his opponents. *Tate v. MacFarland*, 303 Pa.Super. 182, 449 A.2d 639 (1982).

2. Language used by our Supreme Court in *Allstate Insurance Company v. Stinger*, 400 Pa. 533, 534, 163 A.2d 74 (1960) implies that individuals in appellants' position have standing to appeal:

from other jurisdictions, however, have considered the question, with varying results. In *Reliance Insurance Company v. Walker,* 33 N.C.App. 15, 234 S.E.2d 206 (1977) (*cert. denied*), the insurer brought a declaratory judgment action to determine liability for injuries allegedly sustained by the claimant while on the policyholder's property. The lower court found that an automobile insurance policy provided coverage but that a homeowner's policy did not. The Court of Appeals of North Carolina dismissed the subsequent appeal, brought by the personal injury claimant/defendant. The court reasoned:

> The clear purpose of the action is to determine which insurance company, if any, would be liable to indemnify [the policyholder] and not to determine any possible liability to [the personal injury claimant]. Since [the personal injury claimant] has yet to establish any liability of [the policy holder] for the shooting, this declaratory judgment action involves only [the policyholder], his automobile liability carrier, and his homeowner's liability carrier. At this point, [the personal injury claimant] has no interest in the subject matter of the action nor does he have any substantive legal rights to enforce the court's determination of liability of either carrier.

234 S.E.2d at 209.

Applying the reasoning of *Reliance,* one could argue in the instant case that, until the Aughenbaughs have proved that they sustained compensable damages as the result of Anthony Eyler's negligence, the injury resulting from the lower court's ruling is merely a 'remote consequence,' and is neither 'direct' nor 'immediate.' *See American Booksel-*

This is a petition for a declaratory judgment filed by an insurance company seeking a declaration of its rights. It issued a policy of automobile insurance to the defendant Stinger. The court below at first upheld the policy but after hearing further testimony held it void. It also disallowed the intervention of the defendants Manko, who were in collision with Stinger and who have now appealed. *The Mankos were allowed to litigate the whole case, and it was only at the end that the court below refused intervention in its last order and held the policy void. Hence they have standing to appeal.* Stinger has not appealed.

*lers Assn., supra.* We are persuaded, however, that the reasoning applied by the following cases, which hold that the personal injury claimants have standing to appeal, is the sounder approach.

In *Security Insurance Company of Hartford v. Daniels*, 70 Mich.App. 100, 245 N.W.2d 418 (1976), the Court of Appeals of Michigan, under similar facts, found the personal injury claimant to be an 'aggrieved party' having standing to appeal an order denying insurance coverage. The insurance company argued that the claimant was barred from appealing because his claim was contingent rather than direct: (1) the personal injury claimant may not join the insurer as a party defendant in an action for damages; (2) the claimant may file suit against the insurer only after he recovers against the tortfeasor in the original action. The court found that this factor was not so significant as to negate the personal injury claimant's strong interest in the appeal:

> Although [the personal injury claimant] was barred from joining the insurance companies in the original action, if he were to succeed in that action, he would be entitled to litigate the coverage issue in a subsequent action against the insurance companies ... Thus, he has an interest in resolution of that issue.

245 N.W.2d at 422. Similarly, in *National Farmers Union Property & Casualty Co. v. Maca*, 26 Wis.2d 399, 132 N.W.2d 517 (1965), the insurance company asserted that the personal injury claimant held no interest in the policy, could not maintain an action thereon against the insurer, and was not a party aggrieved by an order declaring that no coverage existed for the injury. The Supreme Court of Wisconsin responded:

> [The personal injury claimant] would, however, be entitled to recover under the policy after first securing a judgment determining Louis' liability to him. * * * Should [the claimant] recover against [the alleged tortfeasor] and then bring action against the company, *the judgment now before us would bar his action. The*

*judgment affects his interest to that extent, and he has standing to appeal.*

132 N.W.2d at 519. *Accord: General Casualty Company of Illinois v. Olsen,* 56 Ill.App.3d 986, 14 Ill.Dec. 567, 372 N.E.2d 846 (1977).

In the case before us, although the fact that the Aughenbaughs were named defendants in the declaratory judgment action does not automatically confer "aggrieved party" status upon them for purposes of appellate standing, this factor is nevertheless relevant to our inquiry. According to the declaratory judgment statute, 42 Pa.C.S.A. § 7540, "[w]here declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." Because personal injury claimants have a pecuniary interest in coverage questions, they are indispensable parties and must be joined in such declaratory judgment actions. *Pleasant Twp. v. Erie Insurance Exchange,* 22 Pa.Cmwlth. 307, 348 A.2d 477 (1975). The resolution of the coverage question in the declaratory judgment action has a *res judicata* [3] effect upon any subsequent action brought by the personal injury claimant against the tortfeasor's insurer. Thus, under the reasoning espoused in *National Farmers* and *Security Insurance, supra,* we believe that personal injury claimants are "aggrieved parties" and have standing to appeal a declaratory judgment in favor of the tortfeasor's insurer. We conclude that the Aughenbaughs have standing to appeal the March 6, 1986 order.

## II. Merits of the Appeal

■ The sole question raised by the Aughenbaughs on

---

**3.** *Black's Law Dictionary* defines *res judicata* as follows:

A matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment. Rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. And to be applicable, requires identity in thing sued for as well as identity of cause of action, of persons and parties to action, and of quality in persons for or against whom claim is made.

*Black's Law Dictionary* 1174 (5th ed. 1979) (citation omitted).

appeal[4] is whether there existed a material issue of fact which barred the lower court from properly granting the motion for summary judgment. We find that a material issue of fact did not exist, and that the judge therefore did not err in granting the motion.

A motion for summary judgment shall be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. No. 1035(b). In passing upon a motion for summary judgment, "[i]t is not part of the court's function to decide issues of fact out solely to determine whether there is an issue of fact to be tried." *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 141, 476 A.2d 928, 931 (1984).

Donegal Mutual and State Auto Mutual based their denial of coverage and their summary judgment motions upon nearly identical "permissive use" clauses contained within both policies. The policies excluded from coverage any person "[u]sing a vehicle without a reasonable belief that the person is entitled to do so." As the lower court summarized the evidence in its opinion:

At his deposition taken on July 18, 1985, which has been filed with the Prothonotary, Anthony testified that Jeffrey placed restrictions upon Anthony's use of his car. (N.T. 13). Jeffrey told Anthony, then age seventeen, that he was only to use the car to travel to and from work, that he was not to drive the car after midnight and that he was not to drive the car after drinking any alcohol. (*Id.*). The accident on March 25, 1984 occurred shortly after two o'clock in the morning, many hours after Anthony had finished working, after Anthony had consumed

4. Appellee Donegal Mutual attempts to raise additional issues in its brief filed with this Court. An appellee who does not file a counterappeal is precluded from raising issues which are not raised by appellant. *Philadelphia Bond and Mortgage Company v. Highland Crest Homes*, 235 Pa.Super. 252, 340 A.2d 476 (1975); *Appeal of Pesante*, 82 Pa.Cmwlth. 242, 476 A.2d 474 (1984). Accordingly, we decline to address the additional issues raised in appellee's brief.

several bottles of beer and while Anthony was driving between the homes of friends. (N.T. 10, 13, 14, 16). Anthony admitted that at the time of the accident, he was fully aware that he was not obeying Jeffrey's instructions and was not driving the car with permission. (N.T. 18, 25).

Opinion of 12/19/85, p. 4. Based upon this evidence, the lower court held that the "permissive use" clauses applied to exclude Anthony Eyler from coverage.

On appeal, the Aughenbaughs claim that an issue of material fact existed as to whether Anthony Eyler was using his brother's car with a reasonable belief that he was entitled to do so; they assert that the court below therefore erred in finding as a matter of law that the policy exclusion applied. In support of their position, the Aughenbaughs cite portions of Anthony Eyler's deposition, which purportedly shows that Anthony had "implied permission to use the automobile for purposes other than going to and from work because Jeffrey Eyler had acquiesced to uses of the automobile which were outside the scope of the express permission." Appellants' Brief at 12–13.

Certainly, appellants are correct in stating that permissive use of an automobile may be implied from a course of conduct in which the parties have mutually acquiesced. *See Crespy v. Bliesmer*, 248 Pa.Super. 441, 375 A.2d 179 (1977); *Esmond v. Liscio*, 209 Pa.Super. 200, 224 A.2d 793 (1966). These cases, however, are distinguishable from and inapplicable to the scenario presented in the instant case. In the cases cited by appellant, the operator of the vehicle believed that he was using the vehicle with the permission of the owner; this Court then determined that this belief was "reasonable" because the owner had previously acquiesced in operation of the auto beyond the scope of the consent which had been expressed. Nowhere in the depositions, pleadings, or affidavits presented in the instant case did Anthony Eyler state a belief that he was operating the auto with his brother's consent at the time of the accident. To the contrary, Anthony Eyler repeatedly stated that he did not have his brother's consent:

Q. So when you were driving the car at one and two o'clock in the morning of March 25th, you knew you were using it without his permission.

A. Yes, I knew.

R. 27a–28a. In an affidavit which was filed with the summary judgment motion, Anthony Eyler agreed that he was "operating said vehicle in violation of the restrictions imposed" and that "[a]t such time and place he was using the said vehicle without being entitled to do so." R. 107a. Thus, it is clear that the implied consent cases are inapplicable.

The permissive use clauses in the policies excluded from coverage any person "[u]sing a vehicle without a reasonable belief that the person is entitled to do so." The driver consistently stated that he did not believe that he was entitled to operate the vehicle under the circumstances present at the time of the accident. The question of whether or not, if the operator had believed that he was entitled to operate the vehicle, that belief was reasonable, is irrelevant. The lower court correctly held that the facts of this case fall squarely within the language of the policy exclusion, and that the insurers are entitled to judgment in their favor as a matter of law. Accordingly, the order of March 6, 1986 is affirmed.