## Motorists Insurance Companies v. Malackanich

*Robert F. Palmquist,* for plaintiff.
*John A. Miller,* for defendant.

KUNSELMAN, *J.,* September 28, 1987—This case is before the court on a motion for summary judgment filed by plaintiff, Motorists Insurance Companies. Motorists had filed a declaratory judgment action against defendants seeking a determination that defendant, David P. Malackanich, is not entitled to coverage under a policy of liability insurance issued to his sister, Eleanor Malackanich, by Motorists. Following the closing of the pleadings,

the depositions of David and Eleanor were taken and the pleadings, depositions and the policy of insurance have been submitted to the court for its consideration in ruling on the motion for summary judgment. The facts are undisputed, therefore the court should enter judgment if Motorists is entitled thereto as a matter of law. *Bishop v. Washington*, 331 Pa. Super. 387, 480 A.2d 1088 (1984).

The facts are as follows. On October 7, 1981, defendants, Robert J. Gratson, Joyce M. Gratson and Amanda M. Gratson were injured in an automobile accident. The accident was caused by the negligent operation of an automobile by David. The automobile operated by David was owned by his sister, Eleanor, and insured by Motorists.

At the time Eleanor applied for the insurance policy and through the time of the accident, David lived with her at 239 Beaver Ave., Aliquippa, Beaver County, Pa. Eleanor was employed at Hills Department Store and used the insured vehicle to commute to and from work. David was employed at a local steel plant and relied upon public transportation and fellow employees to commute to and from work since he did not have a valid license to operate motor vehicles. David is an alcoholic and voluntarily failed to renew his operator's license after 1975 because of that addiction.

David had worked the 4:00 p.m. to 12:00 a.m. shift the evening before the accident and after work consumed a substantial quantity of alcoholic beverages until the early morning hours of October 7, 1981. He was intoxicated when he returned home.

Eleanor drove the insured vehicle to work the morning of October 7, 1981, parked the vehicle in an employee parking area, locked the vehicle and went to work with the keys to the vehicle in her possession.

David had a bowling date that day and had to retrieve his bowling ball from the insured vehicle where it was stored. Before leaving home he searched for and located a second set of keys for the insured vehicle. He took the keys without Eleanor's knowledge or permission intending to merely open the vehicle to secure his bowling ball. He secured a ride from a friend part way to Eleanor's place of employment and either walked or hitchhiked the rest of the way.

Upon arrival at Hills Department Store, he located Eleanor's automobile and then decided to drive the automobile to the bowling alley instead of merely retrieving his bowling ball. He intended to return the automobile to the parking lot, park it in the same location and lock it without Eleanor knowing that he had used it. He had done the same thing on prior occasions and Eleanor had never known about it. David's operation of the vehicle on the day of the accident was without Eleanor's knowledge or permission, either expressed or implied. After thus securing Eleanor's vehicle, David stopped at a bar and consumed additional alcoholic beverages before going to the bowling alley. On his way back to the parking lot at Hills Department Store from the bowling alley the accident occurred and the Gratsons were injured.

During the several years before the accident David periodically asked Eleanor for permission to use her vehicle and she always refused. On the day of the accident, David knew that Eleanor would not have permitted him to use her vehicle because he was drunk.

In the application to Motorists for insurance coverage, Eleanor did not mention David, either as a member of her household or as a driver of the vehicle to be insured. Motorists then issued its

"Directalk" policy to Eleanor which provided liability coverage for her vehicle with limits of $25,000 for each person and $50,000 for each accident with respect to bodily injury.

Under the insuring agreement, Motorists agreed to pay damages for bodily injury for which any "covered person" became responsible. "Covered person" is defined as including: "(1) you or any *family member* for the . . . use of any auto . . . , and (2) any person using *your covered auto.*" (emphasis in original) It is clear that David is included within the policy definition of "family member" and therefore is a "covered person." It is also clear that he was operating the "covered auto" at the time of the accident in which the Gratsons were injured.

However, Motorists contends that it does not provide coverage to David by virtue of an exclusion in its policy from coverage "[f]or any person using a vehicle without a reasonable belief that the person is entitled to do so."

On the other hand, the Gratsons argue that there is an ambiguity in the policy which must, under our case law, be resolved against Motorists and in favor of David. The ambiguity is said to arise out of the different definitions of "covered persons" as compared to who the language in the exclusion purports to exclude from coverage.

They argue that, on the one hand, the term "covered person" includes two separate categories: the named insured and any family member for the use of *any auto*; and, any person using the insured vehicle. On the other hand the exclusion purports to only exclude from coverage "any person" and not "any family member" because of the use of the terminology "any person" in the second category of covered persons and in the exclusion. Thus, it is argued that the policy must be construed to afford

coverage to a family member who is using any auto regardless of whether he had permission to do so or whether he reasonably believed he had permission to do so.

In support of this argument the Gratsons rely upon *Cohen v. Erie Indemnity Company*, 288 Pa. Super. 445, 432 A.2d 596 (1981). In that case, the named insured was operating another person's automobile without that person's permission and had an accident. The policy defined an insured, with respect to a nonowned automobile, as including the named insured and any relative if the use was with permission or reasonably believed to be with the permission of the owner.

Erie contended that it did not provide coverage to its insured because of the nonpermissive use. The insured contended the policy provisions were ambiguous. Both parties relied on substantially similar cases from other jurisdictions, some of which supported Erie's contention and some of which supported *Cohen's* contention. The Superior Court was convinced that the very existence of the two contrary schools of thought evidenced by the holdings in those cases required a conclusion that the policy language was ambiguous. As a result, case law in Pennsylvania required that the ambiguity be resolved in favor of coverage.

Our case law has long held that any ambiguity in a contract of insurance must be read in the light most strongly supporting the insured. See *Cohen,* supra, and cases cited therein.

However, we are not to " 'torture' the language in order to create an ambiguity where none exists." *Bishop,* supra, at 397. Thus where limiting language in a policy of insurance is clear, unambiguous and easily understandable, it should be given effect. Id.

In the case at bar, the policy extends coverage to family members operating any auto and any person operating the insured vehicle. It then excludes coverage "for any person using a vehicle without a reasonable belief that the person is entitled to do so." If Motorists were contending that the exclusion applied to its named insured, as in *Cohen,* supra, then we could find an ambiguity. However, the contention is that the named insured's brother is not entitled to coverage because he not only had a reasonable belief that he was not entitled to do so, he had actual knowledge that he was not entitled to do so.

We think the limiting language is clear, unambiguous and easily understandable. It excludes coverage to all other persons in the world except Eleanor so long as they have a reasonable belief that they are not entitled to use a vehicle. Thus, a family member using any auto and any other person using the insured vehicle are entitled to coverage unless they use either category of vehicle without a reasonable belief that they are entitled to do so.

We do not find that the use of the phrase "any person" in the exclusion and in the second part of the definition of covered person but not in the first part of the definition of covered person creates an ambiguity. To hold otherwise would "torture the language in order to create an ambiguity where none exists" which *Bishop,* supra, teaches us not to do.

We find support for our conclusions in *Donegal Mutual Insurance Company v. Eyler,* 360 Pa. Super. 89, 519 A.2d 1005 (1987). That case involved an exclusion from coverage with language identical to that in the case at bar. However, the issue on appeal was not whether the policy language was ambiguous. The issue was whether or not a factual is-

sue existed as to the operator's reasonable belief that he was entitled to use the vehicle.

In that case, an accident occurred. One of the vehicles was owned by Jeffrey Eyler and insured by State Automobile Mutual Insurance Co. At the time of the accident it was being operated by his brother, Anthony Eyler. Anthony lived with his mother who was insured by Donegal Mutual Insurance Co. Donegal filed a declaratory judgment action seeking to determine which, if either, carrier had a duty to indemnify Anthony against claims arising out of the accident.

Jeffrey had authorized Anthony to use his vehicle but with restrictions. Anthony was only to use the car to travel to and from work, was not to drive the car after midnight and was not to drive after drinking any alcohol. Anthony violated all three of the restrictions. The accident occurred while he was operating his brother's vehicle at 2:00 a.m., many hours after he had finished work. Prior thereto, he had consumed several bottles of beer and at the time of the accident was driving between the homes of several friends. He testified in depositions that he was fully aware that he was not obeying Jeffrey's instructions and was not driving the car with Jeffrey's permission.

The trial court determined that the permissive use clauses in both the Donegal and State Auto policies applied to exclude coverage to Anthony based upon the foregoing evidence. The Superior Court concluded that Anthony's testimony clearly established that he was operating the vehicle in violation of the restrictions and without a belief that he was entitled to do so. Therefore, "[t]he lower court correctly held that the facts of this case fall squarely within the language of the policy exclusion, and

that the insurers are entitled to judgment in their favor as a matter of law." 360 Pa. Super. at 97, 519 A.2d at 1010.

As we said, the issue in *Donegal* was not ambiguity and we do not have benefit of the definition of covered auto in the policies which were in issue in that case. However, if we apply the Motorists' policy definition of covered auto to the facts of that case, Anthony was a family member operating any auto with respect to his mother's policy and was any person operating the insured vehicle with respect to his brother's policy. In either event the limiting language applied to exclude coverage to him. We think the limiting language of Motorists' policy commands the same result under the facts of this case.

An appropriate order follows.

### ORDER

It is ordered, adjudged and decreed as follows:

(1) David Malackanich did not reasonably believe that he was entitled to use Eleanor Malackanich's vehicle on October 7, 1981, and therefore has no right to a defense or to be indemnified by Motorists Insurance Companies as to any claims made against him by Robert J. Gratson, Joyce M. Gratson or Amanda M. Gratson arising out of the accident occurring on that date.

(2) Motorists Insurance Companies is not obligated to pay any sum as damages for personal injuries or property damage sustained by Robert J. Gratson, Joyce M. Gratson or Amanda M. Gratson nor is Motorists Insurance Companies obligated to defend David Malackanich in any suit brought against him by those persons for such claims arising out of the accident occurring on October 7, 1981.

(3) Defendants shall pay the costs.