**OMAHA PROPERTY & CASUALTY INSURANCE COMPANY,
Plaintiff–Appellee,**

**v.**

**Comer Bernard JOHNSON, Comer Burkehart Johnson, Diane E. Cross, Corky L. Cross, and Matthew Moss, Defendants–Appellants.**

Court of Appeals of Tennessee,
Eastern Section.

March 25, 1993.

Permission to Appeal Denied by
Supreme Court July 26, 1993.

Thomas H. O'Neal and J. Taylor Walker with O'Neal, Walker & Boehm, Chattanooga, for appellants Diane E. Cross, Corky L. Cross and Matthew Moss.

Paul W. Sorrick, Jr., Chattanooga, for appellant Comer Burkhart Johnson.

Harry Weill with Weill & Weill, Chattanooga, for appellee.

## OPINION

SANDERS, Presiding Judge, Eastern Section.

Most of the Defendants have appealed from a declaratory judgment holding the driver of the automobile which injured three of the Defendants was not covered by the liability insurance policy in force on the vehicle at the time of the accident.

In July, 1988, the Defendant, Comer Bernard Johnson (Mr. Johnson), owned a 1986 model Chevrolet automobile. On the night of July 25 Comer's son, Defendant–Appellant Comer Burkehart Johnson (Burk), who was 16 years of age and lived in the same household, was involved in an accident with the vehicle. Burk did not have a driver's license nor did he have the permission of Mr. Johnson to drive the vehicle. Mr. Johnson had gone to bed and was asleep when Burk went into his bedroom, removed the keys to the car from the dresser, and drove the automobile without Mr. Johnson's knowledge. Some 30 minutes later, he was involved in an accident with a vehicle occupied by Defendants–Appellants Diane Cross, Corky Cross, and Matthew Moss (Cross and Moss).

Cross and Moss filed suit against both Mr. Johnson and Burk, seeking damages for personal injuries and property damages.

At the time of the accident, the Plaintiff–Appellee, Omaha Property and Casualty Insurance Company (Omaha), had an automobile liability policy in force on the automobile in the name of Mr. Johnson. The policy extended coverage to Mr. Johnson and members of his household. Omaha filed a declaratory judgment suit asking the court to declare there was no coverage under the policy. It alleged that on the night of the accident Burk had surreptitiously and covertly driven the vehicle from his father's house; Burk had no license to drive a vehicle and Mr. Johnson had expressly told him not to drive the vehicle and he was prohibited from operating the vehicle under any circumstances. Omaha alleged the provisions of its policy expressly excluded coverage in that Burk was operating the automobile without a reasonable belief that he was entitled to do so. It relied upon the exclusion in Part A.8 of its policy as follows: "Exclusions A. We do not provide liability coverage for any person:.... 8. using a vehicle without a reasonable belief that that person is entitled to do so." The complaint further alleged Omaha had formally filed its declaratory judgment suit in the United States District Court and the District Court entered summary judgment in its favor. On appeal, the Sixth Circuit remanded the case with an order to dismiss because it thought the state court was a more appropriate forum to decide the issue 923 F.2d 446. It further alleged that both Mr. Johnson and Burk, in their respective answers in the District Court, admitted that at the time of the accident Burk was using the automobile "without a reasonable belief that he was entitled to do so."

The Defendants, for answer, admitted an accident occurred. They admitted Burk was operating the automobile without Mr. Johnson's permission. They denied, however, Burk was using the vehicle without reasonable belief that he "was able to do so." Defendants Mr. Johnson and Burk admitted the answer they filed in the U.S. District Court contained the admission alleged but said the language used in the answer was not the language intended and was a secretarial mistake. Defendants also contended the exclusion relied upon in the policy was ambiguous and therefore inapplicable.

Upon the trial of the case, the chancellor found the exclusion in the policy was not ambiguous. He found Burk was using his father's automobile without a reasonable belief that he was entitled to do so and found Omaha was under no legal duty to indemnify Burk by reason of the accident. He also found the exclusion in the policy was not applicable to Mr. Johnson and Omaha was under a legal duty to him to the extent of the limits of its policy.

Defendants Burk and Cross and Moss have appealed, saying the chancellor was in error in not finding the exclusionary language in the policy to be ambiguous and

therefore not applicable to Burk. We cannot agree, and affirm since we concur with the chancellor.

The policy of insurance, as pertinent here, provides: "INSURING AGREEMENT

"A. We will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident. . . . .

"B. 'Insured' as used in this Part means:

"1. You or any 'family member' for the ownership, maintenance or use of any auto or 'trailer.'

"2. Any person using 'your covered auto.'

\*     \*     \*     \*     \*     \*

"EXCLUSIONS

"A. We do not provide Liability Coverage for any person:

\*     \*     \*     \*     \*     \*

"8. Using a vehicle without a reasonable belief that that person is entitled to do so."

There is no question but what Burk is a "family member" within the definition of the policy and he would have coverage but for the exclusion. The chancellor's finding that Burk was operating the vehicle without a reasonable belief that he was entitled to do so is not challenged on appeal and is not an issue here.

■ The sole issue here for determination is whether or not the exclusionary provision in the policy is ambiguous. It is a well-established rule in this jurisdiction that "when the words are doubtful or uncertain and for any reason ambiguity appears in the policy as a whole, or any portion thereof, the insured is to have the benefit of a favorable construction in such instance." *Harkavy v. Phoenix Insurance Co.*, 220 Tenn. 327, 417 S.W.2d 542, 547 (1967). It is also true "it is the duty of the Court, where there is no ambiguity, to take the ordinary meaning of the words used, favoring neither party in their construction." *Winecoff v. Nationwide Mutual Insurance Co.*, 223 Tenn. 267, 444 S.W.2d 84, 87 (1969). "The courts cannot create an ambiguity where none exists." *In*

*re Clement's Estate*, 220 Tenn. 114, 414 S.W.2d 644, 646 (1967).

■ The language in the policy in the case at bar is of the more recent "easy reading" type. Coverage of all types is initially set forth in one part, and all the exclusions are grouped separately. The language "any person" applies to each of the nine exclusions listed in the policy, including the one in question. It is clear that "any person" means just that, including the named insured. For example, the first exclusion in the policy states that liability coverage will not be provided for "any person . . . who intentionally causes bodily injury or property damage." This would exclude the named insured or any other covered person who acted intentionally. Therefore, we conclude that there is no ambiguity created by the language in question and that exclusion A.8 applies to "any person."

Such an exclusion has not been held to be against public policy. In *Beef N' Bird of America, Inc. v. Continental Casualty Co.*, this court stated:

So long as an exclusionary clause merely limits coverage and does not totally emasculate a previously stated coverage, this Court does not conceive a clearly worded exclusion to be repugnant to a previous general statement of coverage.

803 S.W.2d 234, 237 (Tenn.App.1990).

We have been cited to no cases, nor have we found any in this jurisdiction, addressing the exact language of the exclusion in the policy here at issue. Both Appellants and Appellee have cited us to cases from other jurisdictions which have construed policies of the same or similar import. The majority of cases have found there was no ambiguity. Those which we have reviewed that favored an ambiguity have done so by finding other provisions in the policy not reconcilable with the exclusion. We consider the rationale to be flawed. In other cases, the circumstances were such the court didn't think the exclusion was applicable.

We find the case of *General Accident Fire & Life Assurance Corporation, Ltd. v. Perry*, 75 Md.App. 503, 541 A.2d 1340 (1988) to be

the most thorough and in-depth case on the issue. In the *Perry* case, Michael Perry was driving an insured vehicle when he was involved in an accident, causing personal injuries to the occupant of the other vehicle. The insurance carrier denied coverage, relying on the same exclusion as that in the case at bar. Perry did not have a valid driver's license; he could not obtain a driver's license because when he was 16 years old he was apprehended by police for operating a vehicle without a license. At age 19 he purchased a pickup truck but was unable to title the truck in his name alone because he lacked a driver's license. He titled the truck in his and his mother's names as co-owners in order to obtain insurance. He lived at home with his parents. His mother purchased the insurance and he was not listed on the policy as an operator. He had his parents' permission to drive the truck on the public highway but only to go to work or to the local store. On the day of the accident he took the truck onto the public highway without his parents' permission. The trial court held Perry had a reasonable belief he was entitled to drive the truck on the day of the accident and there was coverage. On appeal, the Court of Special Appeals of Maryland reversed. In its opinion, the court said: "Although exclusion A.8 has been construed by courts in other states, our construction will be one of first impression in Maryland." The court gave the following synopsis of cases in other jurisdictions:

In *Robertson v. Lumbermen's Mutual Casualty Co.*, 160 Ga.App. 52, 286 S.E.2d 305 (1981), overruled on other grounds, 182 Ga.App. 273, 355 S.E.2d 767, 769 (1987), a wife sued her husband for divorce. During the pendency of the divorce proceedings, the wife obtained an interlocutory order granting her exclusive possession and control over a car titled in the name of both her and her husband. The wife demanded the return of her husband's car keys, but he refused. Subsequent to the interlocutory order, but after the events which gave rise to the litigation, the wife titled the car in her name alone. Later, using his set of keys, the husband took the wife's car without her permission and was involved in an accident which resulted in

injuries to others. The wife's insurance policy contained an exclusion of coverage "for any person using the vehicle who is without a reasonable belief that he is entitled to do so." *Id.*, 286 S.E.2d at 307.

The court refused to require the insurer to provide coverage, and held that the husband could not have had a reasonable belief that he was entitled to use the wife's car because he knew of the divorce court's order giving the wife exclusive control and possession of the car; he knew that the wife had denied him her permission to use the car; that prior to his taking the car just before the accident, the car had been locked and previously he had been told to surrender his keys. *Id.*, 286 S.E.2d at 308.

In *Dairyland v. General Accident Insurance Co.*, 435 So.2d 1263 (Ala.1983), the insured gave her daughter permission to drive her car. The daughter then gave permission to her fiance to drive the car. The fiance knew that the insured's permission to drive the car was limited to the daughter, that the insured did not want him to drive her car at any time and that the daughter did not have the authority to give him permission to drive the car. While driving the car, the fiance was involved in a personal injury accident. The insured's policy excluded any person "[u]sing a vehicle without a reasonable belief that that person is entitled to do so." *Id.* at 1264. The court found the exclusion applicable and agreed with the insurer in its denial of coverage. *Id.*

In *Georgia Farm Bureau* [*Mutual v. Fire & Cas. Ins.*], *supra* [180 Ga.App. 777, 350 S.E.2d 325 (1986)], the insured's car, while being driven by a cousin without the insured's permission or knowledge, was involved in an accident causing injury to the occupants of another car. The cousin knew that he was not allowed to use the car and that if he had asked for permission, it would have been denied. The insured's policy excluded "Liability Coverage for any person ... using a vehicle without a reasonable belief that that person is entitled to do so." *Id.*, 350 S.E.2d at 326.

Again the court agreed with the insurer and refused to require coverage, despite an argument by the injured parties that the

exclusion was ambiguous because under the terms of the policy, the cousin was a "[c]overed person" as a "family member" and as "any person using your covered auto." *Id.*, 350 S.E.2d at 325–326. The injured parties had argued that the exclusion referred only to "any person", leaving out a reference to a "family member", and that the cousin should not be excluded because he is a "family member". In rejecting that argument, the court noted that "[c]overage of all types is set forth in one part [of the policy] and all the exclusions are grouped separately. The language 'any persons' refers to each of the nine exclusions listed, including the one in question. It is clear that 'any person' means just that, including the named insured." *Id.*, 350 S.E.2d at p. 326. The court emphasized that the applicability of the exclusion was on "the state of mind of the user." *Id.*

In *Donegal Mutual Insurance Co. v. Eyler*, 360 Pa.Super. 89, 519 A.2d 1005 (1987), A. Eyler drove a car owned by his brother J. Eyler, and insured by company X. A. Eyler was involved in an accident injuring another driver. A. Eyler lived at home with his mother who was insured by company Y. Both insurance companies denied coverage on the basis that A. Eyler was a person "[u]sing a vehicle without a reasonable belief that [he was] is entitled to do so." *Id.*, 519 A.2d at 1009.

At a deposition, J. Eyler testified that he told his brother only to "use the car to travel to and from work, that he was not to drive the car after midnight and that he was not to drive the car after drinking any alcohol." *Id.* A. Eyler confirmed that his brother put use restrictions on the car and that he did not obey them. The use was in violation of each of the restrictions.

The court held that neither insurance company was required to provide coverage. The court reasoned that A. Eyler "consistently stated that he did not believe that he was entitled to operate the vehicle under the circumstances present at the time of the accident. The question of whether or not, if the operator had believed that he was entitled to operate the vehicle, that belief was reasonable, is irrelevant." *Id.*, 519 A.2d at 1010.

In *Economy Fire & Casualty Co. v. State Farm Mutual Insurance Co., supra* [153 Ill.App.3d 378, 106 Ill.Dec. 543, 505 N.E.2d 1334 (1987) ], the driver's license of Barton, the driver of the car, had been suspended following his conviction for "DUI" (Driving Under the Influence). *Id.*, 106 Ill.Dec. at 544, 505 N.E.2d at 1335. Barton transferred title to his car to the insured, a woman with whom he lived, for the purpose of allowing her to obtain insurance and license plates. Barton and the insured were both aware that Barton did not have a driver's license. One night, the insured drove Barton to a bar, Barton became intoxicated, he fought with the insured and took the car without her permission. Later, Barton was involved in an accident injuring another driver.

The policy in *Economy* covered "[a]ny person using your covered auto," but excluded coverage "[f]or any person using a vehicle without a reasonable belief that the person is entitled to do so." *Id.*, 106 Ill. Dec. at 545, 505 N.E.2d at 1336. The court upheld Barton's exclusion from coverage under the policy on the basis that he knew he could not legally drive the car on his suspended license; he knew that the insured had obtained insurance for herself; he told the issuing insurance agent that he would not drive the car on his suspended license and he took the car, on the day of the accident, without permission. *Id.*, 106 Ill.Dec. at 546, 505 N.E.2d at 1337.

In *Allstate Insurance Company v. United States Fidelity and Guaranty Company, supra* [663 F.Supp. 548 (W.D.Ark. 1987) ], the insured's pickup truck was driven by a friend who was involved in an accident involving personal injury. The policy excluded from coverage a "person using a vehicle without a reasonable belief that that person is entitled to do so." *Id.* at 552. After consuming a considerable amount of beer, the friend took the insured's truck without permission.

The court upheld the exclusion after it found that the language of the exclusion was "plain and unambiguous." *Id.* at 553. Under that court's approach, "coverage is excluded if the driver [the friend] (a) knew

he was not entitled to drive the vehicle, or (b) if he claimed he believed he was entitled to drive the vehicle, but was without reasonable grounds for such belief or claim." *Id.* (citation omitted.) The court, as fact finder, found that the friend did not believe, due to his level of intoxication, that he was entitled to use the truck. The court concluded that even if the friend had such a belief, that belief was not reasonable because "there is no evidence to indicate that anyone had ever used the [insured's] vehicle without at least asking him for permission." *Id.* at 554.

After reviewing the cases summarized above, the *Perry* court concluded as follows:

> In the case *sub judice*, although appellee knew he had some limited permission to use the truck, he knew he did not have permission to take the truck on the public highway at the time and place of the accident; he knew he did not have a license to drive; he knew he could not obtain insurance without a license; he knew he had been previously apprehended by the police for driving without a license and he admitted to being less than candid with General Accident regarding his use of the truck. Although appellee had: (1) an ownership interest in his truck; (2) limited permission from his parents to drive the truck to a local store and to work; and (3) a belief that his ownership interest entitled him to drive on the public highways, none of these facts were in dispute and the trial court could easily have decided this case on a motion for summary judgment or a motion for judgment. *See Economy Fire v. State Farm*, 106 Ill.Dec. at 543–544, 505 N.E.2d at 1334–1335; *Donegal*, 519 A.2d at 1006; *Georgia Farm Bureau*, 350 S.E.2d at 325; *Robertson*, 286 S.E.2d at 306; *Roberts [v. United States Fidelity & Guar.]*, 498 So.2d at 1037 (Fla.App. 1st Dist.1986). We hold that based on the record in this case the trial court erred as a matter of law in concluding that it was reasonable for the appellee to believe that he was entitled to drive his truck at the time and under the circumstances involved in the accident.

There being no material dispute in the factual issues in the case at bar and no ambiguity in the policy of insurance or the exclusionary provision, we affirm the trial court.

The cost of this appeal is taxed to the Appellants and the case is remanded to the trial court for any further necessary proceedings.

GODDARD and FRANKS, JJ., concur.