# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

December 8, 1998

Cecil W. Crowson
Appellate Court Clerk

PERMANENT GENERAL
ASSURANCE CORPORATION,

    Plaintiff/Counter-Defendant/
Appellant,

VS.

GILBERT WATERS,

    Defendant/Counter-Plaintiff,

PEGGY RICHARDSON,
RODGERICK WATERS,

    Defendants/Appellees,

BEVERLY BATEY,

    Defendant.

Appeal No.
01-A-01-9712-CV-00720

Davidson Circuit
No. 96C-1147

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE HAMILTON V. GAYDEN, JR., JUDGE

JOHN B. ALLYN
301 Plus Park Boulevard, Ste. 10
Nashville, Tennessee 37217
    Attorney for Plaintiff/Appellant

JOSEPH L. LACKEY, JR.
1230 First American Center
Nashville, Tennessee 37238-1230
    Attorney for Defendants/Appellees

REVERSED AND REMANDED

BEN H. CANTRELL
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

This case involves an exclusion in an automobile liability policy for a person operating the automobile without a reasonable belief that that person is entitled to do so. The Circuit Court of Davidson County dismissed the insurance company's action for a declaratory judgment. We reverse, and declare that the exclusion precluded coverage by the company.

## I.

Gilbert Waters owned a 1989 Cadillac insured by Permanent General Assurance Corporation. The insurance policy contained an exclusion for any person using the vehicle without a reasonable belief that that person was entitled to do so.

Gilbert Waters' son, Rodgerick Waters, lived in the house with Mr. and Mrs. Waters. Rodgerick had a learning disability, and despite being of driving age, he had never passed the test for a driver's license. Mr. Waters was teaching Rodgerick to drive by allowing him to drive the automobile in Mr. Waters' company. Mr. and Mrs. Waters had both issued specific orders to Rodgerick forbidding him to drive either of their cars on his own. On one prior occasion Rodgerick took his father's car without permission and was punished for disobeying orders.

Gilbert Waters worked the early shift at Middle Tennessee Mental Health Institute. On December 12, 1995 Mr. Waters returned home from work between 3:30 and 4:00 p.m. In preparing a snack he discovered that the family needed some items from the grocery store and mentioned that fact to his son Rodgerick. He then followed his normal routine and lay down to take a nap. While he was asleep, Rodgerick took the keys to Mr. Water's car and some money from his wallet and drove to the grocery store where he purchased the needed items. On the way home he took a detour and was involved in an accident. Mr. Waters arrived at the scene shortly thereafter, and he initially told the investigating officer that he had been driving the car.

## II.

An exclusion identical to the one involved here was upheld in *Omaha Property & Cas. Co. v. Johnson*, 866 S.W.2d 539 (Tenn. App. 1993), and the validity of the exclusion has not been challenged here or in the court below. The issue, then, boils down to a question of fact. Did Rodgerick Waters reasonably believe he had his father's permission to drive the car on the occasion of the accident?

The trial judge did not make a finding of fact on that issue. The court's order recites that the insurance company "has not carried its burden of proof and has not shown to the Court by a preponderance of the evidence it is entitled to a Declaratory Judgment." The court's oral pronouncements in the record tend to follow that same reasoning and appear to leave the question open for a final determination by a jury at the trial of the underlying tort action.

Even it we took the trial judge's action as a finding that Rodgerick Waters had a reasonable belief that he had Mr. Water's permission to drive the car, we are convinced that the evidence preponderates against that finding. *See* Rule 13(d), Tenn. R. App. Proc.

In *United Services Automobile Assoc. v. Continental Ins. Co.* (Tenn. Ct. App., filed in Nashville, Dec. 24, 1985), we held that the "reasonable belief" language in the exclusion requires a two-part finding. The first finding is subjective: that the driver did in fact believe that he had the owner's permission. The second part is objective: that the belief was reasonable, based upon the evidence in the record. *See also Phillips v. Harding*, No. 89-307-II (Tenn. Ct. App., filed in Nashville Feb. 16, 1990).

- 3 -

We are of the opinion that all the evidence in the record requires a negative answer to the first question. Rodgerick himself testified that he knew he did not have his father's permission to take the car to the store. Both parents had consistently and forcefully instructed him that he was not to drive the car except when his father gave him driving lessons.

The appellee argues that the proof is too pat; that Rodgerick's testimony on how he would escape detection by getting back before his father awoke from his nap is belied by the fact that he made the grocery purchases and would have brought home the proof necessary for his own conviction. Rodgerick first testified that he would have hidden the groceries, and then he admitted that that course of action did not make much sense. But the inability to think logically is one of Rodgerick's handicaps. When we recognize that fact, his testimony is more believable.

Since we have found that the first part of the test (a belief on the driver's part that he had permission) is not present, we do not have to examine the reasonableness of the belief.

The judgment of the court below is reversed, and a judgment will be entered here declaring that Rodgerick Waters was not covered by his father's liability policy. We remand the cause to the Circuit Court of Davidson County for any further proceedings that may become necessary. Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

- 4 -

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE