[No. 14632–7–I. Division One. July 28, 1986.]

UNITED PACIFIC INSURANCE COMPANY, *Respondent,* v. CHARLES B. LARSEN, *as Personal Representative,* ET AL, *Appellants.*

*Lee B. Tinney, Anderson, Hunter, Dewell, Baker & Collins, Edmund P. Allen,* and *Thomas D. Bigsby,* for appellants.

*Steven A. Branom, Hackett Beecher, Bryan G. Evenson,* and *Halverson & Applegate,* for respondent.

UTTER, J.*—United Pacific Insurance Company brought a declaratory judgment action against David Craft, the owner of a car involved in an accident, Marvin Blunck, the driver, and Blunck's passengers in an attempt to deny liability coverage under Craft's policy to all defendants. United Pacific obtained default judgments against Craft and two of Blunck's passengers. It then requested and obtained a summary judgment against the remaining defendants. We reverse that judgment and remand for further proceedings. The determinative legal issue is the scope of coverage provided by the policy language.

At 10 p.m. on January 20, 1982, Marvin Blunck asked his employer, David Craft, if he could borrow Craft's Subaru as he had done on at least two prior occasions. Craft granted Blunck permission to use the vehicle. Blunck picked up two friends in Sultan, drove to Walla Walla, picked up three Whitman College students—Shannon Goodwin, Christine Woodard and Deborah Larsen—and started for Seattle. An hour and a half out of Walla Walla, at 8:15 on the morning of January 21, 1982, Marvin Blunck fell asleep at the wheel, causing an accident in which he and Deborah Larsen were killed and his other passengers were injured.

David Craft insured his vehicle with liability coverage for

---

*This appeal was heard by a Supreme Court Justice and two retired Superior Court Judges sitting as Court of Appeals Judges Pro Tempore in Division One.

any person using a "covered vehicle". The policy, however, excluded coverage "for any person using a vehicle without a reasonable belief that the person [was] entitled to do so."

United Pacific offered as evidence the deposition of David Craft in which Craft stated that he had only given Blunck permission to drive from Sultan to Leavenworth to visit Blunck's sick mother. Based on this deposition the trial court awarded summary judgment for United Pacific. It reasoned that Marvin Blunck had exceeded the scope of permission given and had thus engaged the Craft vehicle in a use excluded from coverage.

There are two issues presented on appeal:

1. Did the court below err when it interpreted an insurance policy to exclude coverage for an individual injured while using an insured auto with the owner's permission, but beyond the scope of the owner's permission, when the insurance policy exclusion applied only to a "person using [the] vehicle without a reasonable belief that the person [was] entitled to do so"?

2. Were there genuine issues of material fact as to Marvin Blunck's reasonable belief about the vehicle's permitted use?

Appellants contend that the trial court erred in construing the exclusion contained in this policy as analogous to cases which construed policy provisions containing language relating to "the scope of permission" granted by the driver. We agree that the trial court erred.

Ambiguous clauses within insurance policies are construed in favor of the insured. *See, e.g., McDonald Indus., Inc. v. Rollins Leasing Corp.*, 95 Wn.2d 909, 913, 631 P.2d 947 (1981); *Witherspoon v. St. Paul Fire & Marine Ins. Co.*, 86 Wn.2d 641, 650, 548 P.2d 302 (1976). An ambiguous clause is one that is fairly susceptible of two interpretations. *See Morgan v. Prudential Ins. Co. of Am.*, 86 Wn.2d 432, 435, 545 P.2d 1193 (1976). The instant exclusion applies to "any person using a vehicle without a reasonable belief that the person is entitled to do so." Appellant contends that this exclusion should apply only to

those who steal the vehicle or who are entirely without the owner's permission to *use* the vehicle. To appellants, *scope of the use* is virtually irrelevant. They argue that the court's only concern is the driver's reasonableness of belief that he was entitled to use the vehicle.

United Pacific and the court below construed this language differently. United Pacific contends that the policy excludes coverage for use beyond the scope or spirit of the owner's permission. In support of its interpretation, however, United Pacific offers only cases which have construed the meaning of omnibus clauses. These cases are distinguishable in that omnibus clauses contained in standard automobile insurance policies explicitly refer to the owner's permission or the scope of permission granted.

██ The clause contained in Craft's policy is relatively new. It was inserted into United Pacific policies in the past 10 years. Prior to that, United Pacific used the standard omnibus clause, containing the traditional "scope of the permission" language. The court below found this change in policy language irrelevant. That was error. Change of policy language is significant and binding on insurance companies. *Dickson v. United States Fid. & Guar. Co.,* 77 Wn.2d 785, 789, 466 P.2d 515 (1970). Given United Pacific's past policy language it is apparent they knew how to limit coverage to the scope of permission granted. That it employed different and less explicit language in the instant policy is evidence that it meant to convey a different meaning.

In denying defendant's motion for reconsideration below, the court stated:

> There is no dispute [Blunck] was entitled to use the vehicle, in the sense that he got permission to take it, he didn't steal the vehicle.

Under the language of this policy it is apparent that there was permission to use the vehicle. Summary judgment was

therefore improperly granted. Having disposed of the first issue in favor of appellants, it is unnecessary to reach the second issue. Judgment is reversed.

COLE and SCHUMACHER, JJ. Pro Tem., concur.

Review denied by Supreme Court October 30, 1986.