ECONOMY FIRE & CASUALTY COMPANY, Plaintiff-Appellee, v. STATE FARM MUTUAL INSURANCE COMPANY, Defendant-Appellant (Kris Bushman *et al.*, Defendants).

Second District   No. 86—0659

Opinion filed March 18, 1987.

William M. Goff, of Mateer & Erickson, of Rockford, for appellant.

Alfred W. Cowan and Thomas G. Ruud, both of Brassfield, Cowan & Howard, of Rockford, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Economy Fire & Casualty Company (Economy), instituted this declaratory judgment action naming as defendants: its insured, Kris Bushman; the driver of the insured's vehicle at the time of the occurrence, David A. Barton; the driver of the vehicle involved in the collision with the insured's vehicle, Mildred A. Lewis; and Lewis' insurer, State Farm Mutual Insurance Company (State Farm). State Farm appeals from the granting of Economy's motion for summary judgment on count II, which sought a declaration that Economy was not obligated to defend Barton in a separate action brought against him by Lewis based on an exclusion in the policy issued to Bushman.

Following the filing of the complaint for declaratory judgment, Economy and State Farm each moved for summary judgment. The undisputed facts as set forth in the pleadings and the depositions of Bushman and Barton attached to Economy's motion for summary judgment are briefly summarized as follows. On August 14, 1983, Barton was involved in an automobile collision with Mildred A. Lewis while he was driving a 1973 Pontiac Bonneville automobile. He was alone at the time. Subsequently, Lewis filed suit against Barton, Bushman, and others. This declaratory judgment action was brought by Economy to determine its obligation to defend Barton under a policy of insurance issued to Bushman which described the vehicle owned by Bushman as a 1973 Pontiac Bonneville.

The declaratory judgment was in two counts. Count I essentially alleged that Bushman had fraudulently obtained the policy through material misrepresentations of her driving record and requested the court to declare that Bushman and Barton were not insured thereunder. The trial court denied summary judgment on this count sought by Economy. This count is not relevant to this appeal and will not be further discussed. Count II alleged that the policy issued to Bushman

provided liability insurance for her 1973 Pontiac Bonneville automobile and, in pertinent part, defined "covered person" as:

"1. You or any family member for the ownership, maintenance or use of any auto or trailer.

2. Any person using your covered auto."

An exclusion to the coverage provided that Economy did not provide liability coverage "[f]or any person using a vehicle without a reasonable belief that the person is entitled to do so." Economy alleged in count II that, at the time of the accident, Barton had obtained the keys to the vehicle without Bushman's permission and that Barton had taken the vehicle without her permission and without a reasonable belief that he was entitled to do so. Economy sought a declaration that Barton was not insured under the policy because of the aforementioned exclusion.

The depositions of Bushman and Barton reveal that Bushman and Barton had been living together prior to the accident. Barton had owned the Pontiac automobile, but, in the spring of 1983, his license was suspended after a DUI conviction, and he transferred title of the Pontiac to Bushman in July 1983. At about the same time the title was changed, Bushman obtained insurance coverage on the Pontiac from Economy which listed her as the owner. Barton accompanied Bushman to the insurance office and told the agent that he had transferred the title to her and that he would not be driving the car because of his license suspension. The title was transferred to her because the license plates were going to be taken off the car by the State because of his driver's license suspension and DUI conviction and because she, as titleholder, could obtain her own license plates and use the vehicle. Both were aware that Barton could not drive the vehicle and the purpose of transferring title was so Bushman could drive him in the car. Bushman did not have any other automobile and used the car for her own purposes as well as for transporting Barton. Both parties agree that Bushman did not pay Barton for the vehicle and both considered it to still be Barton's. She kept one set of keys for the vehicle, and the other set was in the kitchen drawer, but was never used. Bushman felt that she could not control whether Barton used the vehicle, but that he did not use it because of the suspension of his driver's license.

On the afternoon and evening of August 14, 1983, Bushman and Barton went to the Double K Bar and then to the Club 30, another bar. Bushman drove. Eventually, Barton became intoxicated and the two began arguing. Barton wanted to leave and Bushman was not ready to go. Barton looked through Bushman's purse for the keys.

Not finding the keys, he pulled Bushman outside, struck her, and she fell to the ground. He then forcibly took the keys from her pocket. She and other persons told him not to take the car. He took the car without her permission. She didn't want him to take the car because he was angry and his driver's license was suspended. Later, Barton was in an accident with the vehicle owned by Mildred Lewis and insured by State Farm.

State Farm also filed a motion for summary judgment and, pertinent to the issue on appeal, stated that Barton owned the vehicle, that title was placed in Bushman's name merely to obtain license plates, and that Barton was driving the Pontiac with a reasonable belief that he was entitled to do so.

The trial court granted Economy's motion for summary judgment and denied State Farm's motion. The court found, as a matter of law, that Barton had made a gift of the Pontiac to Bushman and that Barton did not have a reasonable belief that he was entitled to use the vehicle on the evening in question. State Farm appeals raising two issues: (1) that the trial court should have granted State Farm's motion for summary judgment because no genuine issue of material fact existed as to the facts that Barton owned the vehicle and had a reasonable belief that he was entitled to use the vehicle; and alternatively (2) that genuine issues of material fact are present to preclude the trial court from granting Economy's motion for summary judgment.

State Farm first contends that Barton still owned the Pontiac even though the title had been transferred to Bushman. State Farm maintains that ownership depends upon the intent of the parties and, in the instant case, the evidence is that title to the automobile was transferred merely to allow Bushman to obtain license plates and operate the car for her benefit and to transport Barton. Also, there was another set of keys to the car available should Barton wish to drive the car. State Farm further argues that Bushman's refusal to give Barton permission to drive the car on the evening in question was not because he wasn't entitled to use the vehicle, but because she was concerned about his condition and the fact that he had no driver's license. Based on these facts, State Farm asserts that Barton was the owner of the Pontiac and, at the very least, had a reasonable belief that he was entitled to use the car.

■■ ■ We initially note that this case is before us as a result of the trial court's decision to grant Economy's motion for summary judgment and to deny State Farm's motion for summary judgment. Although State Farm presents as an alternative argument for the first time on appeal that there were genuine issues of material fact

precluding the granting of summary judgment, this contention is inconsistent with its position in the trial court and may be barred under the doctrines of invited error and of estoppel. (See *Catalano v. Pechous* (1980), 83 Ill. 2d 146, 154-55, 419 N.E.2d 350.) In any event, the material facts are not in dispute, and the controversy is over the proper application of the uncontroverted facts to the exclusion clause contained in the contract of insurance. Thus, the use of the summary judgment procedure was proper in this case. Although Economy has filed a motion to strike a portion of State Farm's reply brief relating to the question of whether an issue of material fact existed, that contention is now moot in view of our reasoning above.

Turning to the main issue presented in this appeal, we are not persuaded that the question of the actual, legal ownership of the Pontiac as between Bushman and Barton must be determined or is controlling. Rather, we are presented with the construction of an exclusion in an insurance policy as applied to the facts presented. The policy of insurance was between Bushman and Economy, and it listed Bushman as the owner of the insured vehicle. Under this contract, a "covered person" was "[a]ny person using your covered auto." Thus, Barton was a "covered person" because he was using the covered auto. Nevertheless, under the exclusions section of the contract, he is excluded from liability coverage if he is a "person using a vehicle without a reasonable belief that the person is entitled to do so."

We have found only one Illinois decision that has considered this exclusion clause in an automobile liability insurance policy, and the interpretation of the clause in that case is not relevant to the issue presented here. (See *Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill. App. 3d 906, 492 N.E.2d 504.) Nor has our research of cases in other jurisdictions disclosed any decisions pertinent to the unusual factual situation before us. Here, the insurance policy provides general coverage in one part and groups the exclusions, including the "reasonable belief" exclusion, in another part. This type of provision apparently replaces the traditional "omnibus" clause wherein the language of the policy provided for coverage where the use of the vehicle was with the permission or consent of the named insured. (*Georgia Farm Bureau Mutual Insurance Co. v. Fire & Casualty Insurance Co.* (1986), 180 Ga. App. 777, 350 S.E.2d 325; *Larsen v. United Pacific Insurance Co.* (1986), 44 Wash. App. 529, 723 P.2d 8.) This may explain the paucity of cases in Illinois on this particular type of liability policy.

■ Under the particular facts presented in this record, we agree with the trial court's decision granting summary judgment for Econ-

omy. The controlling provision in the insurance policy is the exclusion clause stating that liability coverage is not provided for "any person using a vehicle without a reasonable belief that the person is entitled to do so." Clearly, Barton knew he could not legally drive any car while his license was suspended and specifically transferred the title of his car to Bushman so that she could obtain valid license plates to use the car for herself and to transport him. Moreover, he knew that she obtained insurance on the car for herself and that she was listed as the owner. He even told the insurance agent that he would not be driving the car because his driver's license was suspended. From the time the title was transferred to Bushman until the accident, he did not drive the car. At the time he took the car just prior to the accident, he was denied permission to use the car by Bushman and forcibly took the keys in order to drive it away.

Although State Farm argues that he was actually still the owner and could use the car or reasonably believed he was entitled to do so, the undisputed facts recited above negate that contention. The whole purpose of transferring the title to Bushman, obtaining insurance on the car in her name, and his not driving the car up to the occasion leading to the accident was consistent with his knowledge that he was not entitled to drive that vehicle. When he did use the car on this one occasion, it was while he was in a fit of anger and intoxicated. In this condition, it is apparent from the record that Barton just forcibly took the car without even considering whether he was entitled to do so.

Economy has not raised the issue, and we need not decide, whether "entitled" to use the car means the legal authority to drive a car so that Barton is thereby precluded from coverage on the sole fact that his driver's license was suspended. (See *Safeco Insurance Co. v. Davis* (1986), 44 Wash. App. 161, 721 P.2d 550.) Under the circumstances here, his legal ineligibility to drive a motor vehicle is but one factor among others discussed above which as a matter of law preclude liability coverage under the pertinent exclusion clause of Bushman's policy.

For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

DUNN and INGLIS, JJ., concur.