## AMERICAN MUTUAL INSURANCE COMPANY OF BOSTON

v.

**SHIELDS, Francis X., Jr., Gervasi, Joseph J., Sr., Gervasi, Joseph C. Jr., Masturzo, Anthony.**

### Civ. A. No. 87–3625.

United States District Court, E.D. Pennsylvania.

May 4, 1988.

James D. Hilly, Labrum and Doak, Philadelphia, Pa., for plaintiff.

F. Emmet Fitzpatrick, III, Joseph M. O'Neill, Marks, Kent & O'Neill, P.C., Philadelphia, Pa., for defendants.

## MEMORANDUM ORDER

CLIFFORD SCOTT GREEN, District Judge.

Pending before the court are the contested cross summary judgment motions of plaintiff American Mutual Insurance Company of Boston ("American Mutual") and defendants Joseph J. Gervasi, Sr., Joseph C. Gervasi, Jr., Francis X. Shields, Jr. and Anthony Masturzo. Plaintiff, American Mutual, is seeking a declaratory judgment, pursuant to 28 U.S.C. § 2201, concerning its duty to defend and indemnify under an automobile liability insurance policy. Jurisdiction is based upon diversity of citizenship and Pennsylvania substantive law applies.

Plaintiff, American Mutual, insured James T. Cashin under an automobile liabil-

ity insurance policy. The policy provided coverage for operation of the insured's vehicle by the insured and any other person using the vehicle subject to certain enumerated policy exclusions. On August 18, 1985, Francis X. Shields, Jr., who had been dating the sister of James T. Cashin, Mary Ann, for eighteen months, was operating the vehicle owned by James T. Cashin without his express permission or knowledge. The insured vehicle operated by Shields was involved in an accident with a vehicle owned and operated by defendant Masturzo in which defendants, Joseph J. Gervasi, Sr., and Joseph C. Gervasi, Jr., were passengers. Defendants Gervasi, Sr. and Jr. and Masturzo filed suit in state court against defendant Francis X. Shields who has demanded that plaintiff, American Mutual, defend and indemnify him pursuant to the insurance policy issued to James T. Cashin. In this action American Mutual seeks a declaratory judgment that it has no duty to defend or indemnify, Francis X. Shields. American Mutual bases its denial of coverage and this summary judgment motion upon the contention that defendant Francis X. Shields did not have the permission, express or implied, of James T. Cashin to drive his vehicle on August 18, 1985 and upon a specific clause contained in the policy which excludes from coverage any person "using a vehicle without a reasonable belief that the person is entitled to do so" (the "permissive use" clause).

It is undisputed that Francis X. Shields did not have the express permission of James T. Cashin to operate his vehicle on August 18, 1985. The defendants claim, however, that Francis X. Shields had implied permission to use James T. Cashin's vehicle. Defendants point to Francis X. Shields' 18 month dating relationship and subsequent marriage to Mary Ann Cashin, his cordial relations with James T. Cashin, his knowledge that the Cashin family borrowed one anothers vehicles without necessarily asking permission as Mary Ann Cashin had done on the day of the accident, and that James T. Cashin also allowed others outside of the immediate family to borrow his car with his permission. (See

James T. Cashin dep. pp. 7, 11, 12, 13; Mary Ann Cashin (Shields) dep. pp. 7, 11, 12, 13, 14, 17; Francis X. Shields dep. pp. 6, 10).

It is true that "permissive use of an automobile may be implied from a course of conduct in which the parties have mutually acquiesced". *Donegal Mut. Ins. Co. v. Eyler*, 360 Pa.Super. 89, 519 A.2d 1005, 1009 (1987). There are, however, no facts to support an inference of permissive use in this instance. On summary judgment the only evidence produced is that James T. Cashin was asleep when Francis X. Shields borrowed his car on August 18, 1985. Prior to that date, Francis X. Shields had never driven or even been a passenger in James T. Cashin's vehicle. Francis X. Shields did not have a previous history of borrowing or using James T. Cashin's vehicle at the time of the accident and there is no evidence that he had borrowed or used the vehicle of any other Cashin family member without their express permission prior to August 18, 1985. Mary Ann Cashin (Shields) did not know of or authorize the use of the vehicle. Thus, there is no course of conduct to support an inference that use of the vehicle by Francis X. Shields in this or any other context was with the implied permission of the owner.

The permissive use clause in the policy excludes from coverage any person "using a vehicle without a reasonable belief that the person is entitled to do so." Shields does not assert that he had a reasonable belief he was entitled to drive the vehicle but merely that he had a reasonable belief that had he sought authority to drive James T. Cashin's vehicle he would have been authorized to do so. Not only is this not the standard required by the permissive use clause but also implicit in Shield's statement is his admission that he knew he was driving James T. Cashin's vehicle on August 18, 1985 without entitlement to do so. Therefore, the exclusion clause in the

Cashin policy applies and excludes coverage.[1]

Under Rule 56(c) of the Fed.R.Civ.P., summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). It is undisputed that Francis X. Shields did not have express or implied permission to use James T. Cashin's vehicle on August 18, 1985. Furthermore, the facts of this case fall squarely within the language of the policy exclusion in that Francis X. Shields in his own deposition testimony discloses that he knew that he had not obtained permission to drive the automobile but relied upon a belief that if he had requested authority it would have been granted. Accordingly, American Mutual is entitled to judgment in their favor as a matter of law.

### JUDGMENT

AND NOW, this 4th day of May, 1988, IT IS DECLARED AND DECREED that American Mutual Insurance Company of Boston is not required to defend and indemnify Francis X. Shields, Jr., pursuant to the policy of insurance issued to James T. Cashin.

---

1. While not controlling in this case which is decided under Pennsylvania law, I note that the Western District of Arkansas in interpreting a similar permissive use clause stated that insurance coverage is excluded "if the driver (1) knew he was not entitled to use the vehicle, or (2) if he claimed he believed he was entitled to drive the vehicle, but was without reasonable grounds for such belief." *Allstate Insurance Co. v. U.S. Fidelity and Guar. Co.*, 663 F.Supp. 548, 553 (W.D.Ark.1987).