778 S.W.2d 772 (1989)
AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE, Appellant,
v.
FARMERS INSURANCE COMPANY, INC., Angelo and Marci Biondo, Tim Alan Meggison and Surendra Khokha, Respondents.
No. 55444.
Missouri Court of Appeals, Eastern District, Division Three.
August 29, 1989.
Motion for Rehearing and/or Transfer Denied October 4, 1989.
Application to Transfer Denied November 14, 1989.
*773 Carl D. Kraft, Gregory S. Keltner, Kraft & Keltner, St. Louis, for appellant.
Lawrence R. Smith, Brinker, Doyen & Kovacs, P.C., Clayton, for Farmers Ins. Co.
Paul S. Brown, David P. Ellington, Brown, James & Rabbitt, P.C., St. Louis, for Meggison.
Motion for Rehearing and/or Transfer to Supreme Court Denied October 4, 1989.
HAMILTON, Judge.
Appellant Automobile Club Inter-Insurance Exchange (hereinafter Auto Club) appeals the declaratory judgment of the circuit court in favor of Farmers Insurance Company (hereinafter Farmers), Tim Alan Meggison (hereinafter Meggison), and Surendra Khokha (hereinafter Khokha).[1] The judgment declared that the policy issued by Auto Club to Khokha for his 1980 Chevrolet van covered Khokha's employee, Meggison. The judgment obligated Auto Club to defend and indemnify Meggison for an accident occurring on July 14, 1986. We reverse.
Auto Club, a reciprocal inter-insurance exchange, issued an automobile liability policy to Khokha that covered the 1980 Chevrolet van he owned. Under the terms of the policy pertaining to liability coverage, Auto Club agreed to "pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." The policy defined "covered person" as "[a]ny person using your covered auto." Thereafter, the policy listed various exclusions from liability coverage, including the exclusion of any person "[u]sing a vehicle without a reasonable belief that that person has the consent of the owner to do so."
On July 14, 1986, while the foregoing insurance policy was in effect, Meggison was driving the Khokha van in St. Louis County when he collided with a car operated by Angelo Biondo (hereinafter Biondo). Biondo and his wife, who was riding with him, allegedly sustained personal injuries in the collision. At the time of the collision, the Biondos had automobile liability insurance, including uninsured motorist coverage, from Farmers.
The Biondos subsequently sued Meggison, Khokha, and Farmers in circuit court to recover damages for their personal injuries. Auto Club filed this declaratory judgment action seeking a determination that its policy was inapplicable to Meggison with respect to the July 14 collision and that, therefore, Auto Club had no obligation to defend or to indemnify Meggison *774 with respect to the collision or any damages or injuries arising therefrom.
Following trial, the trial court issued written findings with its judgment. Its final two findings stated:
32. Meggison could not have a reasonable belief that he had the consent of the owner to operate the Chevrolet van.
33. The provisions of plaintiff's policy which first provides liability coverage to "any person using your covered auto" and then excludes liability coverage for any person "using a vehicle without a reasonable belief that that person had the consent of the owner to do so" raises an ambiguity which must be resolved against plaintiff-insuror [sic].
Based upon these findings, the trial court determined that Auto Club's policy applied to Meggison with respect to the July 14 collision and that Auto Club was obligated to defend and to indemnify Meggison with respect to any resultant damages or injuries.
In its sole point on appeal, Auto Club asserts the trial court erred in finding that its insurance policy, which provided liability coverage to any person using a vehicle of the named insured, and then, which excluded liability coverage for any person using such a vehicle without a reasonable belief that the person had the consent of the owner to do so, raised an ambiguity.
Unless an insurance policy is ambiguous, courts must enforce it as written. Hempen v. State Farm Mut. Auto Ins. Co., 687 S.W.2d 894 (Mo.App.1985). Our function as an appellate court is not to rewrite a contract of insurance, but to construe it as written. Protective Casualty Ins. Co. v. Cook, 734 S.W.2d 898, 905 (Mo. App.1987). Because insurance policies are contracts, the rules applicable to the construction of contracts are applicable to insurance policies. Moore v. Commercial Union Ins. Co., 754 S.W.2d 16, 18 (Mo.App. 1988). Contractual language is ambiguous when doubt or uncertainty exists as to its meaning and it is fairly susceptible of two interpretations. Nixon v. Life Investors Ins. Co. of America, 675 S.W.2d 676, 679 (Mo.App.1984). Ambiguity arises in an insurance policy when it contains duplicity, indistinctness, or uncertainty of meaning. Id.
In its findings and judgment, the trial court failed to identify the nature of the ambiguity it found. Respondents, Farmers and Meggison, however, offer two reasons why the trial court's finding of an ambiguity was correct. First, they assert the language of the liability provisions in question is ambiguous; and second, the physical placement of the provisions in the policy creates an ambiguity. Neither assertion is persuasive.
The trial court specifically found that "Meggison could not have [had] a reasonable belief that he had the consent of the owner to operate the Chevrolet van." Neither Meggison nor Farmers challenges this finding as erroneous and, indeed, the record before the trial court amply supports it. Moreover, the trial court found that Khokha owned the insured Chevrolet van. In addition, by finding that Meggison operated the van at the time of the collision, the trial court implicitly found that Meggison came within the category of "[a]ny person" contained in both the clause defining "[c]overed person" as "any person using your covered auto" and the clause excluding coverage of "any person ... [u]sing a vehicle without a reasonable belief that the person has the consent of the owner to do so." Thus, the trial court, as evidenced by its findings, encountered no difficulty interpreting the language of the insurance provisions in question.
Interpretation of the meaning of an insurance policy is, of course, a question of law. Moore, 754 S.W.2d at 18. "All provisions of a policy ... must, if possible, be harmonized and given effect in order to accomplish the intention of the parties." Varble v. Stanley, 306 S.W.2d 662, 664-5 (Mo.App.1957). Moreover, the words of a policy must be given their plain and ordinary meaning. Protective Casualty Ins. Co., 734 S.W.2d at 905. Review of the trial court's findings demonstrates that the trial court not only adhered to the foregoing principles but that, in doing so, it found neither duplicity, indistinctness, nor uncertainty of meaning; and, therefore, it found no ambiguity in the language of the relevant policy provisions.
*775 Meggison and Farmers also assert that the physical placement of the permission clause in the policy is ambiguous and misleading. They rely principally upon McRaven v. F-Stop Photo Labs, Inc., 660 S.W.2d 459 (Mo.App.1983) in which the court was faced with reconciling two exclusionary clauses separated by nine other exclusionary clauses within an insurance policy, each clause containing an exclusion to its exclusion. Id. at 461-62. The McRaven court merely concluded that, if the second exclusion in question were intended to modify or negate the first exclusion, the two exclusions should have been physically placed so that a reasonable person would understand they should be read together. Id. at 462.
Unlike McRaven, the insurance policy in the instant case is organized more clearly. It defines, under the section entitled "Liability Coverage," a "covered person." Under that same section, it thereafter lists "Exclusions" to liability coverage. Such a format, within the same section of a policy, that places exclusions from coverage after the definition of who is covered does not, standing alone, create an ambiguity. See Harrison v. MFA Mut. Ins. Co., 607 S.W.2d 137, 141-42 (Mo. banc 1980) (exclusions from the definitions of "uninsured highway vehicle" placed after the definition of one type of "uninsured highway vehicle" found unambiguous).[2] We shall neither pervert language nor exercise inventive powers for the purpose of creating an ambiguity when none exists. State Farm Mut. Auto. Ins. Co. v. Ward, 340 S.W.2d 635, 639 (Mo.1960).
Farmers advances an additional argument that the Auto Club insurance policy fails to conform to public policy, expressed in the regulations issued by the Superintendent of Insurance. In particular, Farmers asserts the policy fails to include, within the definition of insured, any person using an owned automobile with the express or implied permission of the named insured and fails specifically to exclude Meggison from coverage as required by 4 C.S.R. 190-17.010(4)(A). Because Farmers did not present this argument to the trial court, we decline to consider it on appeal. Estate of Huskey v. Monroe, 674 S.W.2d 205, 208 (Mo.App.1984). Our review is limited to issues presented to the trial court. Rietsch v. T.W.H. Co., 702 S.W.2d 108, 112 (Mo.App.1985).
Discovering no ambiguity in either the language or the placement within the insurance policy of the provisions in question, we hold the trial court erred in finding an ambiguity and thus in entering judgment against Auto Club and in favor of Meggison and Farmers. Accordingly, we reverse the judgment of the trial court and remand for entry of judgment consistent with this opinion.
Reversed.
DOWD, P.J., and SIMON, J., concur.
NOTES
[1] Although Khokha was served by the sheriff, he neither filed an answer, nor filed an entry of appearance, nor appeared at trial.
[2] This format, which defines general coverage first and then lists exclusions, has received approval in other jurisdictions. See e.g., American Mut. Ins. Co. of Boston v. Shields, 685 F.Supp. 926 (E.D.Pa.1988); Roberts v. United States Fidelity and Guar. Co., 498 So.2d 1037 (Fla.App. 1986); Georgia Farm Bureau Mut. Ins. Co. v. Fire and Casualty Ins. Co. of Connecticut, 180 Ga. App. 777, 350 S.E.2d 325 (1986); Economy Fire & Casualty Co. v. State Farm Mut. Ins. Co., 153 Ill.App.3d 378, 106 Ill.Dec. 543, 505 N.E.2d 1334 (1987); General Accident Fire & Life Assurance Corp., 75 Md.App. 503, 541 A.2d 1340 (1988).