No. 2--02--0047                    

  

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

CENTURY NATIONAL INSURANCE ) Appeal from the Circuit Court

COMPANY, ) of Du Page County.

)

Plaintiff-Appellee, ) 

)

) No. 98--MR--0158

)

JAMES J. TRACY and DEBRA TRACY, ) 

Indiv. and d/b/a CMDK 
 ) 

Development, ) Honorable

) Edward R. Duncan,
 Jr.,

Defendants-Appellants. ) Judge, Presiding.

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

Plaintiff, Century National Insurance Company, filed an action for declaratory relief against defendants, James J. Tracy (James) and Debra Tracy (Debra), alleging that James was not covered by an insurance policy issued by plaintiff to CMDK Development (CMDK), a company owned by defendants.  The trial court granted plaintiff's motion for summary judgment and denied defendants' motion to reconsider.  Defendants timely appealed.  We affirm.

Defendants own CMDK, a contracting company.  Defendants obtained automobile insurance from plaintiff, insuring a pickup truck in the name of CMDK.  Debra is the only individual listed as a driver on the application for insurance.  The policy contains an Illinois underinsured motorist coverage endorsement that excludes from coverage "[a]nyone using a vehicle without a reasonable belief that the person is entitled to do so."   James's driver's license was suspended from May 17, 1980, to November 11, 1994.  James has been arrested several times for driving with a suspended license.  The insurance agent who prepared defendants' application for insurance testified via affidavit that, when defendants applied for insurance, he knew that James did not have a valid license and told James that he would not be covered by the policy.

Although James did not have a license, Debra would allow James to drive the pickup occasionally, though she tried to limit his use of the vehicle.  On February 24, 1994, James was involved in an automobile accident while driving the pickup and sustained personal injuries.  He did not possess a valid license on that day.  Debra testified in her deposition that she does not recall discussing with James before the accident whether he could use the pickup that day.  James collected $50,000 from the other driver's insurance company and then sought to recover an additional amount under the underinsured motorist coverage provisions of the Century policy.  In response, plaintiff sued for declaratory relief, alleging that James was not covered by the policy.  Plaintiff then moved for summary judgment, arguing that, because James did not have a license at the time of the accident, he could not have reasonably believed that he was entitled to use the pickup, and thus was not covered by the policy.  The trial court agreed and granted the motion for summary judgment.  The court denied defendants' motion for reconsideration.  Defendants timely appealed.

On appeal, defendants argue that the policy contains no explicit provision excluding unlicensed drivers.  Defendants also argue that James's failure to possess a valid driver's license in and of itself does not demonstrate that he could not have  reasonably believed that he was entitled to drive the pickup.

The standard of review on appeal from the entry of summary judgment is 
de novo
.  
Crum & Forster Managers Corp. v. Resolution Trust Corp.
, 156 Ill. 2d 384, 390 (1993).  The construction of an insurance policy and the determination of rights and obligations thereunder are questions of law for the court and are appropriate subjects for disposition by summary judgment.  
Crum & Forster
, 156 Ill. 2d at 391.  

Defendants' argument that the policy contains no explicit "unlicensed driver" exclusion is not persuasive.  The insurance policy contains an exclusion providing that the policy does not cover "[a]nyone using a vehicle without a reasonable belief that the person is entitled to do so."  This exclusion encompasses unlicensed drivers.  
Economy Fire & Casualty Co. v. State Farm Mutual Insurance Co.
, 153 Ill. App. 3d 378, 383 (1987).  Accordingly, the absence of an explicit "unlicensed driver" exclusion is of no consequence.  

Defendants next argue that James's failure to possess a valid driver's license in and of itself does not demonstrate that he could not have reasonably believed that he was entitled to drive the pickup.  This is an issue of first impression in Illinois.  Only three Illinois courts have interpreted the policy exclusion at issue.  None has decided whether the absence of a driver's license in and of itself is enough for the exclusion to apply.

In 
Hartford Insurance Co. of Illinois v. Jackson
, 206 Ill. App. 3d 465 (1990), the policy exclusion at issue was included within a list of other exclusions.  Certain of the exclusions referred to "family members," while others referred to "any person."  The "reasonable belief" exclusion referred to "any person."  The court held that the policy was ambiguous because, given the interchange of the terms "family member" and "any person," it was unclear whether the "reasonable belief" exclusion applied to family members.  
Jackson
, 206 Ill. App. 3d at 476.  Accordingly, the court construed the policy against the insurer.  See also 
Economy Fire & Casualty Co. v. Kubik
, 142 Ill. App. 3d 906, 910 (1986) (similar policy language and same holding).  Defendants rely on 
Jackson
 in their appeal.  As the trial court pointed out, however, because the Century policy does not interchange the terms "any person" and "family member," 
Jackson
 is of no help to defendants.

In 
Economy Fire & Casualty Co. v. State Farm Mutual Insurance Co.
, 153 Ill. App. 3d 378 (1987), the defendant lost his license and transferred title of his vehicle to his girlfriend.  One night, the defendant forcibly took the car keys from his girlfriend, drove the insured vehicle, and was involved in an accident.  The court held that the "reasonable belief" exclusion applied and that he was not covered by the policy.  
Economy Fire
, 153 Ill. App. 3d at 382-83.  The court relied on the following factors: defendant clearly knew that "he could not legally drive any car while his license was suspended"; he transferred title to his girlfriend; she was listed as the owner; he told the insurance agent that he would not drive the car because he had no license; he had not driven the car on other occasions; and he was denied permission to drive the night of the accident.  
Economy Fire
, 153 Ill. App. 3d at 383.  The court did note, however, that the lack of a license was "but one factor" and that "we need not decide[] whether 'entitled' to use the car means the legal authority to drive a car so that [the unlicensed driver] is thereby precluded from coverage on the sole fact that his driver's license was suspended."  
Economy Fire
, 153 Ill. App. 3d at 383.  The court also held that the actual ownership of the vehicle was not controlling.  
Economy Fire
, 153 Ill. App. 3d at 382.

Several courts in other jurisdictions have interpreted this same policy exclusion.  In most of these cases, however, there were other factors at issue besides the lack of a driver's license.  See, 
e.g.
, 
General Accident Fire & Life Assurance Corp. v. Perry
, 75 Md. App. 503, 525-26, 541 A.2d 1340, 1351 (1988) (no license, no permission, previous arrests for driving without a license);
 
Craig v. Barnes
, 710 A.2d 258, 260 (Me. 1998) (no license, no permission); 
Omaha Property & Casualty Insurance Co. v. Johnson
, 866 S.W.2d 539, 540 (Tenn. App. 1993) (no license, no permission).  
In the few cases where the only relevant factor was the absence of a driver's license, courts have gone both ways.  Compare
 
Huggins v. Bohman
, 228 Mich. App. 84, 89, 578 N.W.2d 326, 329 (1998) ("Without a drivers license [defendant] could not reasonably believe that she had met all of the requirements necessary to entitle her to drive [the automobile]"), with
 
Blount v. Kennard
, 82 Ohio App. 3d 613, 617, 612 N.E.2d 1268, 1271 (1992) (a driver can have a reasonable belief without a valid license)
.

We agree with the trial court's decision granting summary judgment. Although factors such as ownership are relevant, the trial court was correct in holding that, without a valid driver's license, an individual cannot reasonably believe that he or she is entitled to use a motor vehicle in Illinois.  Here, James did not possess a valid license at the time of the accident.  In fact, he had not possessed a valid license for 14 years.  Furthermore, he had been arrested several times for driving with a suspended license.  Finally, the agent who prepared the insurance application told James that he would not be covered by the policy.  Under these facts, James could not have reasonably believed that he was entitled to drive the pickup.  Accordingly, the exclusion applies and James is not covered by the policy.

Moreover, a finding in favor of defendants would violate public policy.  Defendants request us to find that James  reasonably believed that he could use the pickup because, as a co-owner of CMDK, he was an insured person under the insurance policy.  We are unable to make such a finding.  The public policy of Illinois is well known and well understood: a driver must possess a valid driver's license to operate a motor vehicle in Illinois.  625 ILCS 5/6--101(a) (West 1994).  A driver who operates a motor vehicle with a revoked or suspended license is guilty of a misdemeanor.  625 ILCS 5/6--303(a) (West 1994).  James did not possess a valid license at the time of the accident and had not possessed one for 14 years prior to the accident.  Nothing in the insurance policy could overcome James's legal inability to drive.  Therefore, a finding that James  reasonably believed that he could use the vehicle, even though he did not have a valid driver's license, would violate Illinois public policy.

The judgment of the circuit court of Du Page County is affirmed. 

Affirmed.

CALLUM and KAPALA, JJ., concur.