**RLI INSURANCE COMPANY, Plaintiff,**

v.

**Ernest M. KARY, Charles E. Wilson, and Karen L. Wilson, Defendants.**

Civ. A. No. 91–2080–V.

United States District Court, D. Kansas.

Nov. 8, 1991.

Barbara B. Davydov, Paul V. Herbers, Cooling & Herbers, P.C., Kansas City, Mo., for plaintiff.

Vance C. Preman, Shawnee Mission, Kan., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is now before the court on the following:

Defendant Karen L. Wilson's Motion for Summary Judgment (Doc. 16); and

Plaintiff RLI Insurance Company's Motion for Summary Judgment (Doc. 19).

This is a declaratory judgment action concerning the interpretation of an aviation insurance policy issued by plaintiff RLI Insurance Company ("RLI"). Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332. Defendants Charles Wilson and Ernest Kary have counterclaimed against RLI for breach of contract. Defendant Karen Wilson has crossclaimed against defendant Charles Wilson for negligence and against defendant Ernest Kary for negligent entrustment. By court order, dated May 16, 1991, the crossclaims of Karen Wilson have been stayed indefinitely and are not at issue in the motions for summary judgment currently pending before the court. The court notes that none of the defendants have responded to plaintiff's motion for summary judgment and that defendant Karen Wilson has not re-plied to plaintiff's opposition to her motion for summary judgment. The court will, however, consider the motions on their merits. For the reasons stated below, defendant Karen Wilson's motion for summary judgment is denied and plaintiff RLI's motion for summary judgment is granted.

## I. SUMMARY JUDGMENT STANDARDS

In considering a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). A moving party is entitled to summary judgment only when the evidence indicates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine factual issue is one that "can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

## II. FACTUAL BACKGROUND

Because the material facts which are pertinent to the motions for summary judgment are wholly undisputed they will be briefly summarized as follows. Defendants Ernest Kary and Charles Wilson own a Piper aircraft which was insured by RLI for a period from April 22, 1989, to April 22, 1990 under Aviation Insurance Policy No. BPP–AUB–60617 (the "Policy"). On April 23, 1989, the aircraft was involved in an accident near Wellsville, Kansas, while being operated by defendant Charles Wilson. Defendant Karen Wilson was a passenger in the aircraft and was injured as a result of the accident.

Defendant Karen Wilson has filed cross-claims in this action against defendants Ernest Kary and Charles Wilson alleging that she was injured as a result of the wrongful actions of both Charles Wilson and Ernest Kary. Karen Wilson has also filed a separate lawsuit against defendants Ernest Kary and Charles Wilson in the District Court of Miami County, Kansas, alleging that she was injured as a result of the wrongful action of both Charles Wilson and Ernest Kary.

It is undisputed that the Policy was in force at the time of the accident. The Policy contains certain liability protection up to a limit of $100,000 for each passenger. Defendants Charles Wilson and Ernest Kary are named insureds under the Policy. Karen Wilson has made a demand for the $100,000 limit of coverage under the Policy for injuries she sustained in the accident.

Section 1 of the Policy is entitled "LIABILITY PROTECTION" and states: "(This section provides **you** with protection for claims made against **you** by other persons.)" The Policy provides, under a section entitled "WHAT IS NOT INSURED IN THIS SECTION," at page 2, paragraph 4, that: "The policy does not insure for any **bodily injury** to **you**." The word "you" is defined in Section 5 of the Policy, at page 5, as follows:

> "*You, Your* and *Yours* means the persons or organizations who are named in Item 1 on **your** Insurance Coverage Schedule. These words also include the spouse of any person named in Item 1, if that spouse resides in the same household as the person."

The Insurance Coverage Schedule names the following persons in Item 1:

> "Item 1. NAME OF INSURED AND ADDRESS:
> Ernest M. Kary and
> Charles E. Wilson
> 400 Parker
> Osawatomie, KS 66064"

Defendant Karen Wilson is, and was at the time of the accident, the spouse of defendant Charles Wilson. Defendant Karen Wilson resides, and resided at the time of the accident, in the same household as Charles Wilson.

The Policy provides at page 2, under "ADDITIONAL LIABILITY BENEFITS" that:

> "These benefits are in addition to the limits of **our** liability for **damages**. If there is insurance for **your** legal responsibility for **damages we** will also pay:
> [...]
> For the cost of defending a lawsuit, even if the lawsuit is groundless, if one is filed against **you** or any **permissive user. We** will select and pay a lawyer of **our** choice to defend **you** or any **permissive user.**
> [...]

**We** will pay for each of the above benefits if they result from an accident which is insured in this Section."

Plaintiff has retained an attorney to defend Ernest Kary and Charles Wilson under a reservation of rights against the cross-claims made by Karen Wilson in this action. Plaintiff has not received from defendants Ernest Kary and Charles Wilson a demand, notice or summons, or been requested to defend them in the separate lawsuit filed by defendant Karen Wilson in the District Court of Miami County, Kansas.

## III. DISCUSSION

Plaintiff contends that under the plain language of the Policy, Karen Wilson as

the spouse of Charles Wilson residing in the same household, comes within the definition of "you" as set forth above and that therefore liability coverage under the Policy for any bodily injury to Karen Wilson is clearly excluded under the above provisions of the Policy. Defendant Karen Wilson argues that the language of the Policy is ambiguous because it "lumps" both Charles Wilson and Ernest Kary into the definition of "you" and because Ernest Kary and Charles Wilson cannot both be the spouse of Karen Wilson.

■ The threshold issue in this case is whether Kansas or Missouri law governs this case. In determining the applicable law, a federal court hearing a non-federal claim must apply the law of the state in which it sits, including that state's choice of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *Robert A. Wachsler, Inc. v. Florafax Int'l, Inc.*, 778 F.2d 547, 549 (10th Cir.1985). Kansas courts apply the rule of *lex loci contractus* (the law of the place where the contract was made) where the case involves interpretation of a contract. *See Simms v. Metropolitan Life Ins. Co.*, 9 Kan.App.2d 640, 642, 685 P.2d 321 (1984). Because the insurance policy in question in this case was issued in Missouri, we conclude that Missouri law governs interpretation of the Policy. *Civic Associates v. Security Ins. Co.*, 749 F.Supp. 1076, 1079 (D.Kan.1990).

■ In Missouri, the interpretation of the meaning of an insurance policy is a question of law. *Krombach v. Mayflower Ins. Co.*, 785 S.W.2d 728 (Mo.App.1990); *Moore v. Commercial Union Ins. Co.*, 754 S.W.2d 16 (Mo.App.1988). In interpreting a policy of insurance we need only afford plain and unambiguous language its plain meaning. *Fremont Indem. Co. v. Lawton–Byrne–Bruner Ins. Agency Co.*, 701 S.W.2d 737, 741 (Mo.App.1985). Only in cases where the policy language is subject to different interpretation must we construe the language in a manner favorable to the insured. *McNeal v. Manchester Ins. & Indem. Co.*, 540 S.W.2d 113, 120 (Mo. App.1976). Unless the policy is ambiguous,

the court must enforce the policy as it is written. *Automobile Club Inter–Insurance Exchange v. Farmers Ins. Co.*, 778 S.W.2d 772 (Mo.App.1989).

■ After reviewing the insurance policy in question, we conclude that the language of the Policy is unambiguous and clearly excludes Karen Wilson from coverage for bodily injury. The language used in the definition of "you" clearly contemplates that more than one person may be named as an insured in Item 1 of the Insurance Coverage Schedule: "You ... means the *persons* or organizations who are named in Item 1 on your Insurance Coverage Schedule. These words also include the spouse of *any* person named in Item 1, if that spouse resides in the same household as the person." (emphasis added). Thus, defendant Karen Wilson's argument that plaintiff is attempting to "lump" Charles Wilson and Ernest Kary into one person is without merit. Clearly both the resident spouse of Charles Wilson and the resident spouse, if any, of Ernest Kary are included in the definition of "you." Moreover, the Policy specifically excludes from coverage any claims for "bodily injury to you." Therefore, Karen Wilson as the resident spouse of Charles Wilson, both now and at the time of the accident, comes within the definition of "you" and liability for coverage for any bodily injury to Karen Wilson is excluded from coverage under the Policy.

■ Plaintiff next argues that because the doctrine of interspousal immunity in tort actions no longer exists in Kansas, it would be contrary to public policy for RLI "to contract away [her] statutory rights." The court finds that the liability coverage provided, or not provided, by plaintiff RLI does not affect in any way Karen Wilson's right to sue her husband in a tort action. *Cf. American Family Mut. Ins. Co. v. Ward*, 789 S.W.2d 791 (Mo.1990) (en banc) (holding family exclusion clause enforceable in auto insurance policy, even though interspousal immunity not available on underlying tort action). Therefore, defendant Karen Wilson's argument is inapplicable to the questions of interpretation and applica-

tion of a contract. Summary judgment is granted in favor of plaintiff on its declaratory judgment action.

▬ Finally, defendants Charles Wilson and Ernest Kary contend that plaintiff breached the insurance contract by failing to defend their interests in the lawsuit against them filed by Karen Wilson in the District Court of Miami County, Kansas. The court finds that based on the above interpretation of the Policy, plaintiff has no duty to provide a defense or to pay any expenses or costs incurred by defendants Charles Wilson and Ernest Kary.

The "additional benefits" provided by the Policy include the duty to defend and the duty to pay related trial expenses. However, under the plain language of the contract, there is coverage for these additional expenses only "if there is insurance for your legal responsibility for damages." An insurance company has no duty to defend a lawsuit against its insured if there is no coverage under the insurance policy. *West v. Jacobs*, 790 S.W.2d 475, 480 (Mo. App.1990).

In the present case, because there is no insurance liability coverage for the claims made by defendant Karen Wilson, there is no obligation on the part of plaintiff to indemnify, defend or pay any expenses or costs incurred by defendants Charles Wilson and Ernest Kary as a result of Karen Wilson's claims. Therefore, summary judgment is granted in favor of plaintiff on defendants Charles Wilson's and Ernest Kary's counterclaims for breach of contract.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Karen Wilson's motion for summary judgment (Doc. 16) is denied. Plaintiff's motion for summary judgment (Doc. 19) is granted. The counterclaims of defendants Charles Wilson and Ernest Kary are hereby dismissed.

IT IS FURTHER ORDERED and declared that:

1. Aviation Insurance Policy No. BPP–AUB–60617 issued by plaintiff RLI Insurance Company provides no liability coverage for claims by Karen L. Wilson arising from the crash of aircraft N4315J on or about April 23, 1989; and

2. Plaintiff RLI Insurance Company has no obligation to indemnify any party herein for claims made by Karen L. Wilson arising out of the crash of aircraft N4315J on or about April 23, 1989; and

3. Plaintiff RLI Insurance Company has no obligation to provide a defense or to pay any expenses or costs incurred by any defendant herein, as a result of claims made by Karen L. Wilson arising out of the crash of aircraft N4315J on or about April 23, 1989.

IT IS SO ORDERED.