879 S.W.2d 780 (1994)
SOUTHERN GENERAL INSURANCE COMPANY, Plaintiff/Appellant,
v.
WEB ASSOCIATES/ELECTRONICS, INC., et al., Defendants/Respondents.
No. 65416.
Missouri Court of Appeals, Eastern District, Division One.
July 19, 1994.
*781 Brian R. Plegge, Jeanette S. Graviss, Moser & Marsalek, P.C., St. Louis, for appellant.
David O. Krueter, Kreuter & Gordon, P.C., Clayton, for respondents.
REINHARD, Judge.
Plaintiff filed a petition for declaratory judgment to determine its obligations pursuant to a liability insurance policy. On crossmotions for summary judgment, the Circuit Court of St. Louis County ordered plaintiff to provide up to $100,000 coverage each for Carol and John Bridegroom. We affirm.
On January 30, 1991, defendant, WEB Associates/Electronics, Inc. (hereinafter "WEB"), purchased a liability insurance policy from plaintiff covering a small airplane from January 18, 1991, until January 18, 1992. WEB, the named insured, purchased Coverage D, a single limit bodily injury and property damage liability policy that covered passengers, with liability limited to $100,000 for each person and $500,000 for each occurrence. The policy provided:
Definitions...
11. Insured. The word "Insured" used in the Policy ... is the "Named Insured" shown on the Declarations. This also includes any person while using or riding in the aircraft....
* * * * * *
24. "You" and "Your" refer to the "Named Insured" shown on the Declarations....
* * * * * *
Conditions...
Limits of Liability...
[T]he most we will pay for bodily injury to your spouse or the spouse of any insured, will be 25% of the limit for "each person" but not more than $25,000. Further, the most we will pay for bodily injury to your parent or child or the parent or child of any insured will be 12 1/2 of the limit for "each person" but not more than $12,500.
On May 24, 1991, co-defendant and president of WEB, William Bridegroom, and his wife and child, Carol and John Bridegroom, were injured when the WEB plane struck a grain truck at the end of the runway during take-off. Plaintiff filed an action for declaratory judgment against WEB and William, Carol and John Bridegroom, seeking to limit coverage to $25,000 for Carol Bridegroom and $12,500 for John Bridegroom. Plaintiff and defendants filed cross-motions for summary judgment. On November 30, 1993, the court denied plaintiff's motion and granted defendants' motion, declaring plaintiff obligated to provide up to $100,000 coverage each for Carol and John Bridegroom.
On appeal, plaintiff contends the trial court erred in granting defendants' motion because the provision limiting liability was not ambiguous and, therefore, subject to strict enforcement. When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). Where, as here, the trial court's judgment is founded entirely upon the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. Id. The instant case was submitted to the trial court on cross-motions for summary *782 judgment supported by stipulations of fact. Therefore, no genuine issue of material fact can exist which would preclude the entry of summary judgment. Banyan Construction Co., Inc. v. Union Electric Co., 840 S.W.2d 298, 301 (Mo.App.E.D.1992).
The language of a contract is ambiguous when there is uncertainty as to its meaning, and it is fairly susceptible of multiple interpretations. Omaha Indemnity Co. v. Pall, Inc., 817 S.W.2d 491, 494 (Mo.App. 1991). In determining whether an ambiguity exists, the whole instrument must be considered. Harold S. Schwartz and Associates, Inc. v. Continental Casualty Company, 705 S.W.2d 494, 497 (Mo.App.1985). Courts are not authorized, under the guise of interpretation or construction, to alter or rewrite a policy, and they may not create an ambiguity where none exists. Fred Weber, Inc. v. Granite State Insurance Co., 829 S.W.2d 589, 591 (Mo.App.1992).
The policy exclusion here is ambiguous because it contains conflicting coverage limits for each defendant. Each of the defendants is an "Insured" as defined in the policy, because they were "riding in the aircraft" at the time of the accident. The coverage on each "Insured" is $100,000. However, if William Bridegroom's coverage is determined based upon his status as the spouse of "Insured" Carol Bridegroom, plaintiff's liability to him is limited to $25,000. Further, if his coverage is based upon his status as the parent of "Insured" John Bridegroom, plaintiff's liability to William is limited to $12,500. Likewise, if Carol Bridegroom's coverage limit is founded upon her status as the spouse of "Insured" William Bridegroom or the parent of "Insured" John Bridegroom, plaintiff's liability to her is limited to $25,000 or $12,500 respectively. Further, if John Bridegroom's coverage is founded upon his status as the child of "Insured" William Bridegroom or "Insured" Carol Bridegroom, plaintiff's liability to him is limited to $12,500.
Plaintiff argues that its liability to each defendant should be determined based upon that defendant's relationship with William Bridegroom, because he is an employee and officer of WEB, the "Named Insured". However, no provision of the policy suggests that interpretation. In contending the policy is not ambiguous, plaintiff relies on Automobile Club Inter-Insurance Exchange v. Farmers Insurance Company, Inc., 778 S.W.2d 772 (Mo.App.1989). There, the trial court entered a declaratory judgment requiring coverage of an insured's employee because the location of the employee coverage limitation within the policy was ambiguous. We reversed, holding that exclusions from coverage placed after the definition of covered persons do not, standing alone, create an ambiguity. Id. at 775. Here, it is the language defining the extent of plaintiff's liability which is ambiguous, not the limitation's location within the policy.
Although labelled a "Condition", the liability limit in the policy is actually an exclusion because it does not endow coverage, but, rather, limits the obligation of indemnity. See Schwartz, 705 S.W.2d at 498. The insurer, as drafter of the policy, has the opportunity to clearly word exclusions and limits of liability. Spaete v. Automobile Club Inter-Insurance Exchange, 736 S.W.2d 480, 483 (Mo.App.1987). Therefore, exclusionary clauses in insurance contracts are strictly construed against the insurer. Omaha Indemnity Co. v. Pall, Inc., 817 S.W.2d at 494. Furthermore, the insurer bears the burden of proving a policy exclusion to be effective. Schwartz, 705 S.W.2d at 498. If an exclusionary clause is ambiguous, we must adopt a construction favorable to the insured. Omaha, 817 S.W.2d at 494. The ambiguity here compels a holding that the $100,000 "per person" liability limit applies to Carol and John Bridegroom.
Affirmed.
CRANDALL, P.J., and CRIST, J., concur.