No. 96-1122

RLI Insurance Company                  *
                                       *
          Appellant,                   *   Appeal From the United States
                                       *   District Court for the
     v.                                *   Eastern District of Missouri
                                       *
Julia Drollinger, Personal             *
Representative of the Estate           *
of Richard E. Brown, Deceased;         *
and Janet K. Brown,                    *
                                       *
          Appellees,                   *


                     Submitted:  June 13, 1996

                       Filed:  October 1, 1996


Before RICHARD S. ARNOLD, Chief Judge, F. GIBSON, Senior Circuit Judge,
     and KORNMANN,* District Judge.


KORNMANN, District Judge.

     RLI Insurance Company ("RLI"), plaintiff, brought a declaratory
judgment action pursuant to 28 U.S.C. § 2201 to determine the coverage
provided under an insurance contract issued by RLI to Richard E. Brown
("Richard").  Having concluded the policy language was ambiguous and
liability coverage existed, the District Court[1] granted summary judgment
in favor of Julia Drollinger ("Drollinger"), the personal representative
of the estate of Richard, and in favor of Janet K. Brown ("Brown"), widow
of Richard.  RLI appeals, claiming no liability coverage is

_____

        *The Hon. Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

        [1]The Hon. Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, Southeastern Division.

provided by the policy because the policy language is unambiguous and it clearly excludes coverage for Brown.

## I. Factual Background

The facts are essentially undisputed. Brown was a passenger in an aircraft piloted by her husband, Richard, on September 20, 1992, when the aircraft crashed, causing injuries to Brown and fatal injuries to Richard. RLI had issued an insurance policy to Richard on the involved aircraft. The policy was in effect at the time of the crash.

Brown brought an action in state court against Drollinger, as personal representative of Richard's estate, seeking the policy limits for her injuries. RLI then brought this declaratory judgment action to determine whether liability coverage, including the duty to defend, existed under the policy.

## II. Decision

We review the District Court's grant of summary judgment de novo and will affirm only if the record, viewed in the light most favorable to RLI, shows there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Allen v. United Transp. Union, 964 F.2d 818, 820 (8th Cir. 1992). The question of whether an insurance policy is ambiguous is a matter of state law. Sargent Const. Co., Inc. v. State Auto Ins. Co., 23 F.3d 1324, 1326 (8th Cir. 1994).

Under Missouri law, if an exclusionary clause is ambiguous, the court must adopt a construction favorable to the insured. Southern General Ins. Co. v. WEB Associates/Electronics, Inc., et al., 879 S.W.2d 780, 782 (Mo.App. E.D. 1994). An insurance policy is ambiguous when there is "duplicity, indistinctness, or uncertainty in the meaning of words used in the policy". State Farm Fire & Cas. Co. v. Berra, 891 S.W.2d 150, 152 (Mo.App. E.D. 1995). Missouri law further provides that an ambiguity exists in an insurance policy when "it is fairly susceptible of multiple interpretations." Southern General, 879 S.W.2d at 782. The court

must view the instrument as a whole in determining whether it is ambiguous. Id. Missouri law further provides that "policy provisions designed to cut down, restrict or limit insurance, or imposing exceptions or exemptions, will be strictly construed against the insurer." Universal Underwriters Ins. Co. v. Dean Johnson Ford, Inc., 905 S.W.2d 529, 533 (Mo.App. W.D. 1995). "In reviewing insurance policies, the policies will be given a reasonable construction and interpreted so as to afford coverage rather than defeat coverage. Nixon v. Life Investors Ins. Co., 675 S.W.2d 676, 679 (Mo. App. 1984)." Id.

The "INTRODUCTION" section of the policy states, inter alia: "*We* have attempted to make this policy as clear as possible and to avoid the use of words and phrases that do not have everyday meaning . . . *we* have to be certain that the meaning of certain words and phrases are clearly defined." Although the insured is then referenced to the section called "DEFINITIONS", a reader might be surprised to learn that the definitions section defines the word "you" to include a resident spouse. Few words would have a more everyday and commonly understood meaning than "you."

The "INTRODUCTION" section of the policy further assures the insured: "The Endorsements change the basic insurance agreement to more appropriately insure *your* risk." The insured is thus told that the endorsements are very important. Paragraph 9 of Section 6 of the policy deals with changes and states: "The only way that this policy can be changed is to have an endorsement changing the policy issued by *us.*"

Endorsement No. SLL-1-1000 as issued by RLI recites that the endorsement applies to the policy only if the endorsement number is shown in item 4 of the insurance coverage schedule. It is so shown in item 4 of both the original and the amended insurance coverage schedules. Before further discussion of the endorsement, we note that item 4 in both the original and the amended coverage schedules includes "liability protection" (Section l) and this section refers to Endorsement No. SLL-1-1000. The liability protection section also contains the printed language "cluding passengers," preceded

by the typed insert "IN". It is thus obvious that the insured had the choice of including or excluding passengers and chose to include passengers.

Returning to Endorsement No. SLL-1-1000, the insured was told that the endorsement "changes your policy only as stated below." The insured was then told: "The most **we** will pay for all **bodily injury** for any one person (including any passenger) who is injured in any one accident is: $100,000." Obviously, the words "any passenger" are all inclusive and could easily be construed as changing the policy to cover all passengers, including Brown. The words "any passenger" are not defined in the policy but "passenger" is defined as "any person in the aircraft, including crew, while they are in, on or getting into or out of the aircraft." The endorsement document is without limiting language and makes no reference to "you" or to a resident spouse.

Section 1 of the policy is entitled "LIABILITY PROTECTION." It contains the following language immediately after the section heading: "(This Section provides **you** with protection for claims made against **you** by other persons.)". In section 1, under a subsection entitled "TYPES OF DAMAGES," the policy states, "C. **Passenger** - This coverage protects **you** or any **permissive user** for **your** or their legal responsibility for **bodily injury** to **passengers** in the insured aircraft." In section 1, under a subsection entitled "WHAT IS NOT INSURED IN THIS SECTION," the policy states, "4. The policy does not insure for any **bodily injury** to **you**." Section 5 of the policy, entitled "DEFINITIONS", provides in one relevant part:

> You, Your and Yours means the persons or organizations who are named in Item 1 on **your** Insurance Coverage Schedule. These words also include the spouse of any person named in Item 1 if that spouse resides in the same household as the person.

Item 1 on the Insurance Coverage Schedule names "Rich Brown." It is undisputed that Brown was the spouse of Richard and they resided in the same household during the relevant time period.

RLI contends that the policy generally includes coverage for claims by passengers and then specifically and unambiguously excludes claims if the passenger is the spouse residing in the same household as the person named in the coverage schedule. Thus, RLI contends there is no ambiguity.

Brown contends that the spousal exclusionary clause is ambiguous for two reasons: (1) the word "you" is used in the policy at times to refer only to Richard and at other times to refer to Richard and his wife; and (2) the special passenger liability endorsement specifically provides for liability coverage for "any passenger" and Brown was clearly a "passenger" in the insured aircraft at the time she was injured. Alternatively, Brown argues the severability of interest clause limits the exclusionary language to only an "insured claiming coverage" and Brown is not an "insured claiming coverage."

The District Court found the insurance policy was ambiguous in that it failed to contemplate the dual status of a person, such as Brown, as a resident spouse (referred to in the policy as "you, your and yours") and as a "passenger", or, more correctly, as "any passenger." Because of this ambiguity, the court adopted a construction of the policy favorable to Richard, the insured, holding that RLI was liable for the policy limits of $100,000.00, and further holding that RLI had a duty to defend the state lawsuit brought by Brown against Drollinger. Summary judgment was granted in favor of Brown and Drollinger and against RLI.

We agree with the District Court that the language of the insurance policy issued by RLI to Richard is ambiguous. Comparing the basic policy itself on the one hand with, on the other hand, the endorsement and the two coverage schedules makes it obvious that there is inconsistency. There are policy provisions (by virtue of amendments or changes) which are "fairly susceptible" of at least two interpretations. See Southern General, 879 S.W.2d at 782. One interpretation is that Brown is excluded from making a claim because she was a resident spouse. Another interpretation is that liability coverage exists because she comes within the meaning

of "any passenger". The policy in all its parts is ambiguous and we are compelled to adopt a construction favorable to the insured and, indirectly, to Brown. The effects of any similar endorsement, if it existed at all, and the coverage schedules were never discussed or raised as an issue in RLI Ins. Co. v. Kary, 779 F.Supp. 1300 (D.Kan. 1991), a case cited by RLI. Such case, although not binding on us, is easily distinguishable. RLI could have easily excluded Richard and Brown by stating that coverage is provided for "any one person (including any **passenger** but excluding **you**) . . . ."

We hold that coverage exists under the policy issued by RLI to Richard for the bodily injuries suffered by Brown, up to the policy limit of $100,000.00. Under the terms of the policy, RLI is obligated to defend the state lawsuit initiated by Brown against Drollinger. Summary judgment was properly granted to Brown and to Drollinger. Because we hold that liability coverage exists, we need not address Brown's alternative argument regarding the severability of interest clause.

### III.  Conclusion

We affirm the District Court's grant of summary judgment in favor of Brown and Drollinger and against RLI.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

-6-